## Luckenbach *against* Brickenstein.

Where there is a lease of a lot of ground from year to year with a covenant not to assign, and if an assignment be made that the lessor may enter and hold, paying for the buildings and improvements thereon erected, and the lessee mortgages to the lessor such buildings and improvements, the mortgage is good, though not accompanied or followed by possession.

Assignees under a voluntary assignment for the benefit of creditors have no right as against a mortgage creditor, which could not be claimed by the assignor himself.

ERROR to the Common Pleas of *Northampton* county, in which John C. Brickenstein, warden of the Brethren's Congregation at Bethlehem, brought an amicable action of ejectment sur mortgage, for so much of the following described lands and premises as were situate in Northampton county, against C. A. Luckenbach and C. C. Tombler, assignees of Joseph and James Leibert under a voluntary assignment for the benefit of creditors. The following case was stated for the opinion of the court, who rendered judgment for the plaintiffs.

On the 5th day of May 1830, Joseph and James Leibert purchased from John F. Stadiger, then warden of the Brethren's Congregation of Bethlehem, a certain three-story stone house, outhouses, sheds, steam-engine, vats and other fixtures, known by the name of the Bethlehem Tannery, situated partly in the county of Northampton and partly in the county of Lehigh, (the said buildings being on a lot of ground owned by Lewis D. V. Schweinitz, as trustee of the lands of the said Brethren's Society at Bethlehem) for the sum of $5354.64; and it was further stipulated by the said agreement that the said purchase money was to be secured by mortgage upon the said tannery, buildings, &c., and upon certain other property of the said Joseph and James Leibert, situated in the said town of Bethlehem. On the 27th day of May 1830, a lease was executed between the said Lewis D. V. Schweinitz and the said Joseph and James Leibert, for the said premises then in their possession, and upon which the said tannery and other buildings connected therewith, were erected, for and during the full term of twelve months from the date of said lease, and so on from year to year as long as both parties shall please, at the yearly rent of $15.57, with covenants against assigning or selling the same, &c., with a clause of re-entry for breach of condition. And providing further that in case of the determination of the said lease by the re-entry of the said Lewis D. V. Schweinitz, his heirs or assigns, or if they should think fit to determine the said lease, that

then the said Joseph and James Leibert, their executors or administrators, shall be reimbursed and repaid the real value at the time, of all plain and useful buildings, &c., upon the said described lot of ground, and providing for the valuation and appraisement of the same by suitable men. On the 18th day of April 1840, Joseph and James Leibert, in pursuance of the above agreement, executed a mortgage to John C. Brickenstein, *the present plaintiff,* and now warden of the Brethrens Society at Bethlehem, for the sum of $4500, for the securing the payment of sundry bonds therein recited to have been assigned to the said John C. Brickenstein by the said John F. Stadiger, the last of which bonds will fall due upon the 4th day of June 1846, (and upon which a certain amount of interest is now due). In which said mortgage the premises granted are thus described : " have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release and confirm unto the said John C. Brickenstein, his heirs and assigns, all that certain three-story stone dwelling-house and tanner and currier shop, steam-engine, and other improvements erected and being on a leased lot on Water street in the said town of Bethlehem, partly situated in the said county of Northampton, and partly in the county of Lehigh, and occupied as a tannery, bounded northwardly by lots leased to John Krause and Willjam Woehler *and land* of William H. Van Vleck, eastwardly by the tail-race of Aug. Luckenbach's grist-mill and lands of the said William H. Van Vleck, southwardly by lands of the said William H. Van Vleck and the old mill-dam, (the whole of which said premises being designated and described in the lease for said lot by three different drafts). The said mortgage was entered of record in Northampton county on the 20th day of April 1840, and in Lehigh county on the 6th day of March 1843.

On the 31st day of October 1842, Joseph and James Leibert executed three assignments for the benefit of all their creditors, to the above-named C. A. Luckenbach and C. C. Tombler, of all their property real and personal, individual and partnership.

It is agreed that Joseph and James Leibert entered into possession of the said buildings directly after their purchase of the same, and continued in possession until the time of the voluntary assignment to the defendants ; that the mortgagee never took possession of the same, but left them in the hands and possession of the said Joseph and James Leibert; and that the said defendants were duly qualified according to law as their assignees, and took possession under said assignment of the property thereby conveyed; and that the estate of the said Joseph and James Leibert will not be sufficient for the payment of their debts. It is agreed that all the papers above referred to be made part of this case.

If the court should be of opinion that the mortgage above referred to is a lien upon the premises therein granted and described

in the hands and possession of the said defendants, which may be enforced in this or any other form of action, then judgment to be entered for the plaintiff, to be released on payment of such amount of interest as shall be ascertained by the prothonotary to be due upon the said bonds secured by the said mortgage. If the court shall be of opinion that the said mortgage gives no lien upon the premises therein described, which can be enforced in this or any other form of action against the defendants, then judgment to be entered in favour of the defendants—with leave to either party to take a writ of error.

It is hereby agreed that on the 4th day of June 1830, Joseph and James Leibert executed a mortgage (in pursuance of the agreement of 5th of May 1830) to John F. Stadiger, of the same property and to secure the same bonds mentioned and described in the mortgage of the 18th of April 1840 to John C. Brickenstein, which mortgage to Stadiger was recorded in Northampton county on the —— day of June 1830, and for which the mortgage to Brickenstein was substituted, and thereupon the former was satisfied and discharged, the interest on said bonds having been paid regularly up to the year 1842.

It is also agreed that the said Lewis D. Von Schweinitz held the said lands so as aforesaid leased to the said Joseph and James Leibert, in trust for the same persons for whom the said Stadiger and Brickenstein held the said bonds and mortgages. The papers above-mentioned to be a part of this case.

Error assigned :

The court below erred in deciding that the mortgage, upon which suit is brought, was a lien upon the premises sought to be recovered, and in rendering judgment for the plaintiff.

*Reeder*, for the plaintiffs in error, stated that the mode in which this lot was leased, from year to year, as long as both parties pleased, was that in which the Bethlehem trustees commonly granted their property. The improvements put up by the tenant were valued when the lease terminated, and paid for by the lessor, if left on the premises. The improvements here were purchased or erected by the Leiberts. The mortgage of 1840 was substituted for the original mortgage, and the bonds remained the same. He contended that this was a mortgage of chattels, and not of lands, tenements or hereditaments—not coming within the recording Acts, nor could a *scire facias* or ejectment be maintained upon it. It is a mortgage of the buildings, and of the buildings only; for a lot could not pass as appurtenant to the buildings. In *Krause's Appeal*, (2 *Whart*. 398), a property of this kind came in question, and it was held not to be such an interest in land as was bound by a judgment. The question, however, as to the mortgage was not raised. The settled principle is, that in a mortgage or conveyance of chattels, possession must accompany or follow the transfer.

[Luckenbach v. Brickenstein.]

5 *S. & R.* 275; 12 *Mass.* 54; 14 *Mass.* 352; 15 *Mass.* 477. This case falls within none of the exceptions which have been allowed. The postponement of possession for an indefinite time could not be said to be for a purpose necessary to the transaction. The mortgagee had it in his power to terminate the lease, take possession, and have the improvements valued. It could only be for a fraudulent purpose, in point of law, that he could permit the mortgagor to hold possession till the debt became due. A tenant may remove fixtures put up by himself, and they may be sold on an execution. 1 *Salk.* 368. The defendants, as assignees of an insolvent, represent the creditors, and may, in their right, allege fraud in the mortgage. 2 *Watts* 226. Here, as there, it is a case of insolvency of the debtors.

*A. E. Brown* and *Hepburn,* contra.

As between the original parties, the mortgage was valid and could be enforced. Ejectment lies for a right to take possession of land, though but for an hour. 4 *Rawle* 256; 2 *Sell. Prac.* 95. Voluntary assignees stand in the same situation as the assignor, and cannot set up his fraud. 4 *Whart.* 507. It is a mortgage of the lease. 2 *Black. Com.* 13; 1 *T. R.* 502; 2 *Saund.* 401; 1 *P. Wms.* 603. The gift of a barn carries with it as much ground as is necessary to its use. 4 *Rawle* 342. It is within the recording acts which embrace leases and terms for years. 4 *R.* 445; 2 *P. R.* 26; 2 *Johns.* 514. A power of attorney to make a lease is within these acts. 7 *Watts* 579. If even personal, property it is within the exceptions to the rule, for the rule does not affect property pertaining to the realty. 2 *P. R.* 26; 9 *East* 238; *Coote on Mort.* 268; 1 *Atk.* 165; 9 *Vez.* 174. Ejectment lies for a mill annexed to the freehold. 1 *Chitt. Gen. Prac.* 174. A stone building or mansion-house cannot be said to be personal property capable of being removed. It is, therefore, a chattel real; an interest exists in it running with the land. Stills fixed to the freehold have been held not chattels personal passing to the assignee of a bankrupt. 9 *East* 228.

The opinion of the Court was delivered by

KENNEDY, J.—The only question in this case is, whether the defendant in error became invested, by virtue of the mortgage, with a right to the buildings and improvements therein described and transferred to him, so as to give him a lien thereon, at least, for the payment of his debt. It is objected, on the part of the plaintiffs in error, that a transmutation of the possession of the mortgaged premises did not accompany the transfer thereof under the mortgage to the mortgagee; and the property mortgaged being of a personal character, the mortgage or transfer of it is therefore void, at least as against them, they having become, since the giving of the mortgage, assignees of all the property of the mortgagors, by a deed of assignment from them, in trust for the benefit

[Luckenbach v. Brickenstein.]

of their creditors. In order to render a mortgage or sale of personal property valid, as against the creditors of the mortgagor or vendor, it is true, in general, that a corresponding change of the possession thereof must accompany the same. But if such change of the possession be impracticable, it must be dispensed with, for the law never requires that which is impossible. In the present instance, it appears that the mortgagors had an interest in the premises mortgaged by them, equal to their value, and that they were regarded *quasi* the owners thereof. But the buildings and improvements mortgaged were affixed to real estate, or lots of ground, of which the mortgagors had only a lease from year to year from the owner thereof, which not only restrained them from assigning or letting their interest in the lots under the lease without the consent of the lessor, but likewise restrained them from removing or detaching the said buildings and improvements thereon upon any terms whatever. But in lieu of the right to remove the buildings and improvements from the lots upon which they were erected, they had a right, under the agreement of the lessor contained in the lease, on the lease's being put an end to, to demand and receive from the lessor a price for the same, to be fixed by appraisers, to be mutually chosen by the lessor and the lessees for that purpose. It is perfectly obvious, therefore, that actual possession of the premises or property mortgaged could not have been delivered by the mortgagors to the mortgagee, without putting the latter also in the possession of the lots upon which the premises mortgaged were placed. But the mortgagors were restrained by the terms of their lease from doing this, as it would have been parting with their right to the possession of the lots. All, therefore, that was practicable, seems to have been done by the mortgagors for the purpose of vesting their right in the buildings and improvements on the lots in the mortgagee, and charging the same with the payment of the debt owing by them to him. That such a charge exists, as between the mortgagors and mortgagee, is not, and indeed cannot well be denied. And as to the plaintiffs in error, they are not execution-creditors, who can claim, on that ground, to be preferred to the mortgagee, because he did not take or obtain actual possession of the property mortgaged to him. They are merely assignees of the mortgagors, in trust for the benefit of the creditors of the latter, and have no rights which could not be set up by the creditors themselves, whom they represent. But the defendant in error, the mortgagee, is also a creditor of the mortgagors, and, as such, his claim is therefore equally meritorious with those of the other creditors, more particularly represented by the plaintiffs in error. But the mortgage, which is a special assignment in his favour, made for the purpose of securing the payment of his debt, being executed anterior to the general assignment under which the plaintiffs in error claim, gives to the defendant in error a prior right, in equity at least, if not in

law, to whatever is contained in the mortgage, and was thereby intended to be passed to him as a security for the payment of his debt.

Judgment affirmed.