JAMES M. SMITH et al., Respondents, *v.* BENJAMIN F. FELTON et al., Appellants.

Equity requires that cross demands be set off against each other, if, from the nature of the claim or the situation of the parties, justice cannot otherwise be done.

The insolvency of one of the parties is a sufficient ground for the allowance of a set-off in equity.

Accordingly, *held*, that the amount of a partnership deposit with an insolvent banker was a proper subject of set-off in an action brought by the assignee in trust for creditors of such banker, on a note held by the banker made by one of the partners and endorsed by the other for partnership purposes, although such note was not due at the time of the assignment.

(Argued December 19, 1870; decided January 24, 1871.)

APPEAL from the judgment of the General Term of the Superior Court of Buffalo, directing judgment for the plaintiffs, on a verdict rendered at the circuit, where the exceptions of the defendants were ordered to be heard in the first instance at the General Term.

The action is upon a promissory note, made by Benjamin F. Felton, which came to the plaintiffs, as assignees of Edward S. Rich, under an assignment for the benefit of creditors. Rich was a private banker at Buffalo, and discounted the note in suit for the defendants' firm of "Felton and Butler," and the amount, less the discount, was placed to the credit of the defendants. The note was made by one of the defendants, and indorsed by the other, to conform to a usage of Rich, requiring an indorser in form on all paper discounted by him. Rich became insolvent, and closed his bank about the 9th day of April, 1866, the defendants having to their credit in the bank, subject to their draft, an amount considerably more than sufficient to pay the note, which had not then matured. On the day of the closing of the bank, and two or three days before the assignment to the plaintiffs, the defendants applied at the bank to the teller, the only person there at the time, and who, in the absence of Rich and the other clerk, who was

called the cashier, was accustomed to transact the business of the bank, to draw out their deposits, but were told that the bank was closed by an order from New York, and they could not pay anybody. The defendants then said they wanted the money then on deposit to offset against the note to the amount of the note, and the teller replied that the account would offset the note, and it should be done. Rich was at the time in Buffalo, but the fact was unknown to the defendants, who supposed he was in New York, where his family was, and where he spent most of the time; and the cashier was sick. The defendants insisted, in substance, and in different forms, that, under the circumstances, and as against the plaintiffs, the money to their credit constituted an equitable set-off to the note. The claim was disallowed by the Superior Court of the city of Buffalo, and a verdict was rendered for the amount of the note and interest against the defendants, by the direction of the judge at the trial.

The exceptions to the rulings upon the trial were heard in the first instance at General Term, and a motion for a new trial denied and judgment given for the plaintiffs. From that judgment the defendants have appealed to this court.

*E. C. Sprague,* for the appellants, that equity has power to require set-off when the common-law and statute do not. (*Ex parte, Stevens,* 11 Vesey, 24; Barbour on Set-off, p. 189; *Green* v. *Farmer,* 4 Burr., 2, 220; *Freeman* v. *Lomans,* 9 Hare, 116; *Duncan* v. *Lyon,* 3 J. C. R., 356; *Whitaker* v. *Rush,* Ambler, 407; *Ex parte, Deeze,* 1 Atk., 228.) That the amount due the defendant's *jointly* was a proper set-off against the note. (*In matter of Van Allen, Rec'r of Bank of Albany,* 37 Barb., 225; *Pond* v. *Smith,* 4 Conn., 297; *Dinwiddie* v. *Kerby,* 6 J. J. Marsh., 501; *Holbrook & Ferme* v. *The Rec'r of the Am. Fire Ins. Co.,* 6 Paige, 220.) That the equity exists upon the maturity of the demand sought to be set off. (*Lindsay* v. *Jackson,* 2 Paige, 580; Opinion in *Bradley* v. *Angell,* 3 Comst., 478; DENIO, J., in *Myers* v. *Davis,* 22 N. Y. R., 493.) That assignee for creditors has only right of

his assignor. (*Griffin* v. *Marquardt*, 17 N. Y., 30; *Null et el.* v. *Holbrook*, 4 Edward's Ch. R., 539; *Gay* v. *Gay*, 10 Paige, 377; *Anslie* v. *Boynton*, 2 Barb., 258; *Chance* v. *Isaacs*, 5 Paige, 592; *In matter of Howe*, 1 Paige, 125; *Moss* v. *Goodman*, 14 Abb., 113; 2 Story Eq. Jur., § 1228; *Reed* v. *Sands et el.*, 37 Barb., 185; DENIO's opinion in *Van Husen* v. *Radcliff*, 17 N. Y., 580; *McCogg* v. *Woodman*, 28 Illinois, 84.)

*John Ganson*, for the respondent, that plaintiffs held note for good and valid consideration. (*Martin* v. *Kunzmuller*, 10 Bos., 16; Id., 37 N. Y., 396, affirming same case.) That defendants did not bring claim within the statute of set-offs. (2 Revised Statutes, 354, § 18, subdiv. 9; *Williams* v. *Brown*, 2 Keyes, 486; *Wells* v. *Stewart*, 3 Barb., 40; *Smith* v. *Van Loan*, 16 Wend., 659; *Myers* v. *Davis*, 22 N. Y., 489; *Beckwith* v. *Union Bank of N. Y.*, 5 Seld., 211.) Equity suits by the Revised Statutes governed by same rule as suits at law. (2 Revised Statutes, 174, § 40; *Chapman* v. *Robertson*, 6 Paige, 629; *Irving* v. *De Kay*, 10 Paige, 319, 322; also *Barber* v. *Spencer*, 11 Paige, 517; *Bradley* v. *Angel*, 3 Comst, 475.)

ALLEN, J. At the time of the failure of Rich, he was indebted to the defendants to an amount more than sufficient to pay the note in suit, and the debt was then due. The note held by Rich was made for the benefit of the firm of Felton & Brother, composed of the defendants, and constituted a firm debt, although for the convenience of business their liability was in form several, the one being liable as maker, and the other as indorser. The note was not due at the time of the failure of Rich, or at the time of the assignment; but as it was not on interest, the holder would lose nothing by a present payment.

Rich then being insolvent, was the owner and holder of a note against the defendants, payable at a future day, without interest, and was indebted to the defendants to a large amount then actually due.

The case is not within the statute of set-offs; but, as between the original parties, was within the equitable rule requiring cross demands, to be set off against each other, if from the nature of the claim, or the situation of the parties, justice cannot otherwise be done. The insolvency of one of the parties is a sufficient ground for the allowance of a set-off in equity. The case of *Lindsay* v. *Jackson* (2 Paige, 581), which has never been questioned, is a decision in favor of the right of the defendants as against Rich to set off their claim against the note, and the decision is abundantly sustained as well upon principle as by the authorities cited by the chancellor. The complainants had given their negotiable promissory notes, which were not due at the time of filing the bill.

After the making the notes, the defendants had become indebted to the complainants upon an acceptance which had matured, and they had become insolvent, and stopped payment. The bill was to restrain the defendants from negotiating or disposing of the notes, and praying that they might be set off, or applied in part satisfaction of the money due on the acceptance. It was held that it was a proper case for an equitable set-off, and that the complainants were entitled to the relief sought. Had then, the present defendants, after the failure of Rich, and before the assignment by him, brought an action, for the equitable relief which they now claim, they would have been entitled to it within the principle of the case cited. The cases would have been on all fours. See also, in addition to the cases cited by the chancellor, *Barber* v. *Spencer* (11 Paige, 517); *Bradley* v. *Angel* (3 Comst., 475); citing *Lindsay* v. *Jackson* with approval.

The defendants had, before the assignment, elected to exercise their equitable right of set-off, and given notice of such election and claim of right to the servant and clerk of Rich, in charge of the bank and its assets at the time.

This right of set-off was a right established and recognized by law, and an equity of which the defendants could not be deprived, except by the transfer of the note, under circumstances which would give the holder a title to it, discharged

from all the equities of the defendants; or, in other words, by the transfer of it, before due, to a *bona fide* purchaser, for value, whose equities, by reason of the purchase, would be superior to those of the defendants. The plaintiffs do not occupy that position. They are not purchasers for value. They are assignees for the benefit of creditors, including the defendants, and have parted with nothing, and have come under no engagement, and assumed no liability upon the faith of the note; nor have the creditors, of whom they are the trustees, parted with any rights, or entered into any covenant upon the faith of the note, or relying upon it as a valid obligation of the defendants.

The plaintiffs, then, took the note subject to all equities; and it is open to all the defences, legal and equitable, which could have been made to it in the hands of Rich. They have succeeded only to the rights and equities of the assignor. (*Luckenbach* v. *Brickenstein*, 5 W. & S., 145; *Corning* v. *White*, 2 Paige, 567; *Haggerty* v. *Palmer*, 6 J. C. R., 437; *Clark* v. *Flint*, 22 Pick., 231; *Griffin* v. *Marquardt*, 17 N. Y., 28; *Van Heusen* v. *Radcliff*, W., 580; *Slade* v. *Van Vechten*, 11 Paige, 21; *In the Matter of Howe*, 1 Paige, 125.)

The form of the defendants' obligation, and that at law they were severally, and not jointly, liable, is not material. They were both liable upon the same instrument for a firm debt; and equity will look through the form of the transaction, and adjust the equities of the parties with a view to its substance, rather than its form, so long as no superior equities of third persons will be affected by such adjustment. The defendants are sued under the statute as joint debtors, and a joint judgment has been recovered against them, so that there is, in truth, no question as to parties which can embarrass the defendants in the assertion of their equitable rights of set-off.

It is enough that justice and equity demand that the debts should be set off against each other, rather than that the defendants should be made to pay the note, and left to rely upon the estate of an insolvent debtor for the payment of the debt due them. Technical objections, which would be valid

at law, will not avail to defeat equitable set-off. (*Pond* v. *Smith*, 4 Conn., 297; *Mitchell* v. *Oldfield*, 4 T. R., 123; *Dunn* v. *Elliott*, 2 H. Bl., 587; *Ex parte Hanson*, 12 Vesey, 346.) The plaintiffs took title to the note, subject to the equitable claim of the defendants, as it existed at the time of the assignment, which was to set off their debt against the note to the amount of the latter, and the legal·title will not avail to defeat this prior equity of the defendants. (*Jeff's* v. *Wood*, 2 P. Wms., 128.) The plaintiffs were not, upon the evidence, entitled to judgment.

The judgment should be reversed, and a new trial granted, costs to abide event.

All the judges concurring, judgment reversed, and new trial ordered.