PETER J. FERRIS, APPELLANT, *v.* ROSWELL L. BURROWS,
AS EXECUTOR, ETC., OF SOPHIA PIERCE, DECEASED, AND
OTHERS, RESPONDENTS.

*Set-off — right of the executor to set off against a legacy a claim due from a firm of
which the legatee was the sole surviving partner.*

Upon the judicial settlement of his accounts an executor is entitled to set off
against a legacy a debt due to the testator from a firm of which the legatee was,
at the time of the death of the testator, the sole surviving partner.

Such set-off is good, as against an individual creditor of the legatee to whom the
legatee has subsequently assigned his legacy, the legatee and the firm being
both insolvent.

APPEAL from part of a decree of the Surrogate's Court of Erie
county, entered on the 22d day of January, 1884, in the matter of
the judicial settlement of the accounts of Roswell L. Burrows, as
executor of the last will and testament of Sophia Pierce, deceased.

The part of said decree appealed from is as follows: "It is
ordered, adjudged and decreed that the said claim of Peter J.
Ferris as to said sum of three thousand and twenty-five dollars and
fifty cents be not allowed, and that said sum be offset against

and deducted from the share of Andrew J. Pierce, as legatee under said will, leaving the balance of said share, amounting to one thousand one hundred and fifty-five dollars and fifty-three cents, which it is hereby ordered and adjudged that the said Peter J. Ferris, as such creditor and assignee, is entitled to have paid to him."

Sophia Pierce, late of the city of Buffalo, Erie county, New York, died in said city on or about the 9th day of March, 1877, leaving a last will and testament, dated and executed January 14, 1871, which has been duly admitted to probate by the surrogate of the county of Erie, April 10, 1877, and letters testamentary thereon were duly issued by said surrogate, April 10, 1877, to Roswell L. Burrow, the executor named in said will, who duly qualified, and is acting as such executor. By the terms of said will said Sophia Pierce devised and bequeathed all her real and personal estate as follows : One-fourth to the children of her deceased son Charles L. Pierce, one-fourth to her son Jerome Pierce, one-fourth to her son Andrew J. Pierce, and the remaining one-fourth to her daughter Sophia L. Beam, her share to be invested as the will directed. The said Sophia Pierce left an estate, which has been administered, and the executor has presented his final account for distribution.

At the time of the death of the said Sophia Pierce said Jerome Pierce owed her an amount for money advanced to him personally, more than his distributive share of her estate. Said Jerome Pierce died insolvent in January, 1878, and the balance owing from him, over and above his distributive share, has been a loss to the estate. The said Andrew J. Pierce, at the time of his mother's death as above stated, owed her, on two individual promissory notes, a sum which, with interest to the 22d day of January, 1884, amounts to $2,240.69.

At the time of the death of said Sophia Pierce, as above stated, the firm of Jerome Pierce & Co. consisted of said Jerome Pierce and said Andrew J. Pierce, who were carrying on business as copartners under said firm name at said city of Buffalo, and continued so to do until the said firm was dissolved by the death of said Jerome Pierce, at the city of Buffalo, January 3, 1878, leaving him surviving said Andrew J. Pierce.

At the time of the death of said Sophia Pierce, said firm of

Jerome Pierce & Co. owed her on a promissory note, dated January 2, 1875, given by said firm to her, for $5,368.08, a sum with interest to April 16, 1877, amounting to $6,229.56.

On the 18th day of May, 1878, said Andrew J. Pierce, as such surviving partner, being insolvent, made an assignment of all the property and assets of said firm to Daniel C. Beard, in trust, for the benefit of the creditors of said firm. Said assignee has completed said trust and rendered his final account thereof to the County Court of Erie county, and has been by said court duly discharged as such assignee. Said assignee paid to the creditors of said firm, including said Burrows, as executor as aforesaid, sixty-three thirty-eight one hundredths cents on the dollar of their respective claims as allowed by him; the amount so paid to said executor being the sum of $5,216.18, February 18, 1882, leaving a balance unpaid to said executor of said indebtedness so as aforesaid due him, on account of said note of said firm, amounting on the 22d day of January, 1884, with interest, to the sum of $3,025.50.

Said Sophia Pierce, at the time of her death, and Peter J. Ferris, with nine other persons, were on the bond, as sureties of said Andrew J. Pierce, as guardian of certain children of said Charles L. Pierce, deceased. Since then said Peter J. Ferris and other bondsmen have been obliged to pay on account of said bond a sum amounting with interest to January 22, 1884, to $6,567.50. The said Peter J. Ferris has paid the total amount of said sum, and has had an assignment to him of all claims of said other bondsmen. The sum of $597.04, being the contributory share of said estate of said Sophia Pierce, has been decreed to be paid to said Ferris out of said estate, leaving unpaid to said Ferris as such individual creditor of Andrew J. Pierce, including interest to January 22, 1884, the sum of $5,970.46.

After the assignment of said Andrew J. Pierce, as such surviving partner, to said Beard as aforesaid, in trust for the benefit of the copartnership creditors of said firm, the said Andrew J. Pierce, by assignment made and dated January 25, 1882, assigned to said Ferris his share of the estate of said Sophia Pierce to apply on said individual indebtedness of said Andrew J. Pierce, and said Andrew J. Pierce is now insolvent, and has been insolvent since the 18th of May, 1878.

*Sheldon T. Viele*, for the appellant.

*Charles B. Hill*, for A. S. Pierce and others, respondents.

*Roswell L. Burrows*, executor, respondent in person.

SMITH, P. J.:

The appellant's counsel invokes the well established rule of equity that in marshaling the assets of an insolvent partner the individual creditors shall be first paid out of the individual assets of their debtor before the partnership creditors can claim anything. (Story's Eq. Jur., § 675.) That rule is inapplicable to the proceeding under review, the object of which is not to marshal the assets of the insolvent debtor Andrew J. Pierce, but to distribute the solvent estate of the testatrix Sophia Pierce. The only question is whether in ascertaining the amount to be paid to the assignee of Andrew J. Pierce, as a legatee under the will of the testatrix, the claim of the executor against the legatee, as surviving partner of the firm of Jerome Pierce & Co., may ·be retained or set off against the legacy.

That it may be set off, even at law, seems clear. Such right of set-off results from the common-law rule that a debt due to partners is due to them jointly, and upon the death of one, the sole right survives to the other. Although the survivor collects partnership debts under a liability to account, yet at law he is the sole creditor, and has the sole power to collect the debt and to maintain a suit to recover it. (*Holbrook* v. *Lackey*, 13 Metc., 132).

As legal consequences resulting from this rule, it has been held that the survivor in suing may join a separate debt of his own. (*Hancock* v. *Haywood*, 3 T. R., 433). In a suit against him for a separate debt of his own he may·set off a debt due to him and his deceased partner jointly (*Slipper* v. *Stidstone*, 5 T. R., 493), and a debt due from the plaintiff, as surviving partner, may be set off against a ·debt due from the defendant to the plaintiff severally. (*French* v. *Andrade*, 6 T. R., 582; *Holbrook* v. *Lackey*, *supra*.) Most of the cases above cited are referred to approvingly in *Miller* v. *Receiver of Franklin Bank* (1 Paige, 444), and *Nehrboss* v. *Bliss* (88 N. Y., 600). The rule established by them has not been changed by our statutes providing for the set-off of mutual demands. A debt

legally due from the plaintiff to the defendant, at the time of the commencement of the action, is a proper subject of set-off under the statute. (2 R. S., 354, § 18, sub. 7; old Code, § 150; new Code, § 501.)

The circumstance that the present claimant is the assignee of the legatee does not affect the right of the executor to set off or retain the amount unpaid upon the note, inasmuch as at the time of the assignment the note was held by him and was then past due. (*Martin* v. *Kunzmuller*, 37 N. Y., 396.)

The debt in question would be a proper set-off in equity, if not at law. In general, equity requires that cross demands be set off against each other, if, from the nature of the claim or the situation of the parties, justice cannot otherwise be done. (*Smith* v. *Felton*, 43 N. Y., 419; *Coffin* v. *McLean*, 80 id., 560.) It would be inequitable to the estate of the testatrix to compel the payment of the full amount of the legacy and remit the executor to his action against the insolvent debtor.

The appellant's counsel cites the case of *Hodgson* v. *Fox* (9 Ch. Div., 673; S. C., 26 Eng. R. [Moak's Notes], 431). In that case it appeared that a week before the death of a testatrix, a debtor to her, who was one of the residuary legatees under her will, dated several years previously, became bankrupt. The debt was never proved by the testatrix or by her executors, nor had any dividend been declared in the bankruptcy. It was held by Vice Chancellor HALL that the executors were not entitled to set off or retain the amount of the debt due to the testatrix against the share of the bankrupt, nor, under the circumstances, any amount in respect of dividends on such debt. The question of the right to set off the debt underwent no discussion, the vice chancellor merely remarking that he followed the case of *Cherry* v. *Boultbee* (2 Keen, 319; S. C., 4 My. & Cr., 442).

In *Cherry* v. *Boultbee* the legacies were given in a form apparently intended to exclude the claims of creditors, and stress was laid upon that fact. Here there is nothing of that tenor in the will. Had the claim of the executor been against the legatee individually, instead of being against him as the survivor of the firm, the right of set-off could hardly be doubted. If the views above expressed are correct, the right is the same against him as survivor.

The part of the decree appealed from should be affirmed, with costs to the respondents.

The respondents suggest that separate bills of costs should be allowed. We have not the facts before us necessary to a disposition of that claim. Leave is granted to present it by motion at Special Term on notice.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

The part of the decree appealed from affirmed, with costs to the respondents. Leave to move for separate bills of costs at Special Term granted.