Hardin, P. J.
April 2, 1860, defendant sold and conveyed to his brother, John Schad, all his interest in a certain ninety-seven acres of land described in the complaint, and took back in security for the purchase price of the lands a bond and mortgage for $2,600, payable ten years from date. On the 19th of December, 1860, the defendant, then being the owner of the bond and mortgage, sold and assigned them to one Alonzo Kring, and guaranteed payment thereof. John Schad went into possession of the premises and occupied the same until the time of his death, which occurred April 17, 1865. He died intestate, leaving him surviving his widow, the plaintiff, and four children, the only heirs at law. No letters of administration have been issued on his estate. Upon the death of John Schac the plaintiffs assumed possession of the ninety-seven acres covered by the mortgage, and continued in possessioi thereof until the foreclosure of the mortgage in 1884, excep from March, 1880, to March, 1881, during which period tn< *637 defendant had possession of the premises. The plaintiffs kept up the interest on the mortgage until April 1, 1877. In February, 1079, the plaintiffs and the defendant entered into an agreement by which the defendant assumed to pay $182 to Kring on the mortgage to satisfy the interest due April 1, 1878, and in connection with that agreement the plaintiffs undertook to pay a debt which they owed to the defendant, and to secure it by a bond and mortgage on their property, and included m said security the $182, thus to be advanced by the defendant upon the first named mortgage. In pursuance of that agreement the plaintiffs executed a mortgage of $1,100, and delivered the same to the defendant, which mortgage the defendant thereafter commenced a foreclosure upon, and the plaintiffs paid the whole amount thereof, including the $182 which the defendant had undertaken to pay to Kring.
In March, 1880, the defendant made an arrangement with the plaintiff’s whereby he was to take and have the use of the farm, and to pay therefor to the plaintiffs the sum of $182, due April 1, 1879, upon the mortgage, and $182, which would be due April 1, 1880, and $182, which would be due April 1, 1881, except fifty dollars thereof, which had been paid November 29, 1879. After this agreement was made defendant went into possession of the farm, and kept it the year, but did not pay prior to going into possession or while in possession, the sums which he had stipulated to pay.
In July, 1881, Kring, the holder of the mortgage, and the defendant’s guaranty thereon, commenced an action to foreclose the mortgage, making the parties to this action defendants in that foreclosure. In that action it was adjudicated that the defendant here “ was liable on his guaranty of the mortgage for any deficiency,” and a judgment to that effect was ordered and entered June 28, 1884. Under that judgment “the mortgaged property was sold at public auction” for $2,000, leaving a deficiency of $2,475.79, and the referee who made the sale “reported the said sale and deficiency, and his report was filed August 19, 1884, the sale having been on the 16th of August.
It is found as a fact that the clerk of Jefferson county docketed the judgment in his office for that amount against the said defendant, Adam Schad.
Also, “that the defendant, Adam Schad, under his said guaranty, the judgment of foreclosure, the report of deficiency and docketing of said deficiency as a judgment, paid said deficiency of $2,475.79,” on the 19th of August, 1884, wfiich was twelve days before the commencement of this action.
According to the evidence at the trial the $2,600 bond and *638 mortgage became due on the 2d day of April, 1870. No evidence was offered during the trial, nor is there any finding that there has been any valid extension of the bond and mortgage. It does not appear, therefore, that the payment upon the mortgage of the sums which, according to the arrangement between the plaintiffs and the defendant, he was to pay as consideration for the use of the premises during the year that he occupied them, would have operated as a preventative of the foreclosure of the $2,600 bond and mortgage. There seems to he a suggestion or inference to that effect in the argument submitted. We have looked in vain for any. evidence or feature of the case which would warrant the conclusion that the payment by the defendant of the sums he undertook to pay for the use of the farm in March, 1880, would have operated to prevent a foreclosure- and sale by Kring. The defendant, under the arrangement that he made in respect to the use of the farm, became liable to pay upon the bond and mortgage the sums stipulated, and according to the arrangement the sums were payable upon the bond and mortgage prior to the commencement of the foreclosure proceedings by Kring.
If the defendant had made the payments of interest, to wit.: $182, due April 1, 1879; $182, clue April 1, 1880; $182, due April 1, 1881, for his rent, it may be surmised that Kring might not have commenced the foreclosure of the mortgage. But there is nothing in the case to show that-such payments would have worked a legal extension of the mortgage, or formed a legal barrier to-its foreclosure. Considering what damages the plaintiffs, have suffered, if any, by reason of the non-payment of the rent at the time stipulated in the undertaking between them and the defendant, it must be borne in mind that the mortgage was long overdue, and whether or no it should be foreclosed, rested in the option of Kring, the holder, as well as of the defendant in this action, who had guaranteed the payment thereof. The defendant in virtue of his guaranty had-become liable for the mortgage debt. He was entitled, therefore, to request Kring to foreclose the mortgage. He was likewise entitled to an assignment of the mortgage-upon paying the amount remaining unpaid upon it, and upon such resumption of the ownership of the mortgage, surely he would have been entitled to foreclose the same. Instead of foreclosing the same he had a right to acquiesce in the foreclosure by Kring. He:was made a party defendant, and his legal liability upon his guaranty of payment of the mortgage was established. by the judgment in that action conclusively as between himself and these plaintiffs, as well as between himself and Kring, the owner of the mortgage foreclosed. When the defendant paid the de *639 ficiency August 19, 1884, of $2,475.79, he paid a very much larger sum than the amount of rent which he had stipulated with the plaintiffs to pay for the use of the land. The sum which he paid was paid upon the same indebtedness which by a stipulation made in March, 1880, was to be paid by the rent for the use of the land during the year he was in possession. If there had been any legal extension of the mortgage, or any barrier against foreclosure, in case the in terest' was paid by defendant to satisfy the plaintiffs for the use of the property during the year 1880, it is probable the plaintiffs here, who were co-defendants with the defendants here in the foreclosure action, might have, and perhaps would have, set up in that action their equities, and the provision they had made for the payment of the interest, and ask the court to adjudicate thereon.
As between the plaintiffs and the defendants, the purchase money mortgage of $2,600 was a lien upon the premises covered by it, and equitably the rent or issues from the land were applicable to the payment of the interest accruing upon the mortgage. The rights and interests of the plaintiffs in the mortgaged premises were subsequent to and subordinate to the bond and mortgage, and the guaranty thereof by the defendant. The land was the primary fund for the payment of the bond and mortgage. The guaranty of the defendant was a secondary liability held by Kring, the owner of the mortgage. The primary fund has been applied in satisfaction of the mortgage debt as far as it would go, and the defendant in virtue of his liability assumed as guarantor, has been compelled to pay the deficiency. The payment of that deficiency, whether in obedience to the terms of his guaranty of payment, or because of the decree in the foreclosure action establishing his liability for the deficiency and declaring that he must pay any deficiency, or in virtue of the judgment entered upon the decree declaring the deficiency, operates as a discharge of his undertaking with the plaintiffs to pay the rent upon the mortgage.
If the defendant was seeking to enforce his rights against the plaintiffs so far as they were liable for property received from the decedent (Code, sec. 1843), he would be entitled to recover upon showing the execution of the bond and mortgage, his guaranty thereof, and the judgment directing a foreclosure, and the amount he had paid, upon the guaranty, presumptively, would be the measure of his right of recovery.
But against such right of recovery it would have been entirely, competent for the. plaintiffs to reply that the defendant had received the use of the lands of the deceased under- the circumstances disclosed by the agreement be *640 tween the parties made in March, 1880, and to have had an allowance oi offset of the amount thuo realized
Lockwood v. Fawcett (17 Hun, 146), is not applicable to this ease. In that case Simpson, the owner of the mortgage, foreclosed, and, as the court held, “ was bound to take judgment in the foreclosure action for the deficiency, or bring an action to recover it after the sale by leave of the court. He did neither. ”
In the case before us the parties were all bound by the judgment of foreclosure in the Kring suit, and besides the defendant here became liable as guarantor upon the bond of the decedent, and because of that guaranty was obliged to pay.
We are of the opinion that defendant made out an equitable defense to the plaintiffs’ cause of action Smith v. Felton, 43 N. Y., 419; Littlefield v. The Albany County Bank, 97 id., 581; Rothschild v. Mack, 3 N. Y. State Rep., 471.
. The plaintiffs are in no worse plight than they would have been had the defendant kept the mortgage in his own hands, and while holding it as a consideration for a year’s use of the premises, made an agreement like the one Claimed, that he would indorse three or four years’ interest upon the mortgage, and then had failed to make the endorsement, and commenced an action for the foreclosure, sold the property, and applied the purchase price towards the discharge of the mortgage, and applied the rent which he had agreed to indorse, and sought to recover the balance of the estate of the mortgagor or his descendants.
If the plaintiffs had received the property from the decedent their liability would have followed by virtue of section 1843 of the Code of Civil Procedure, but upon the grounds already stated we are of the opinion that the conclusion of the referee upon the merits is correct.
Judgment affirmed, with costs.
Boardman and Follett, JJ., concur.