### DIMOCK *et al.* v. WILBUR.

(*Supreme Court, General Term, First Department.* May 18, 1888.)

SET-OFF AND COUNTER-CLAIM—WHEN ALLOWABLE—JUDGMENT IN HANDS OF ASSIGNEE.

    Plaintiffs sued to have a judgment against them in the hands of an assignee set off against a judgment held by them against the assignor. Plaintiffs' equities had arisen prior to the transfer. *Held,* that they could maintain their action without making a demand, which could only affect the question of costs, on defendant.

Appeal from special term, New York county.

This appeal is from an interlocutory judgment overruling a demurrer to the plaintiffs' complaint.

Argued before BRADY and DANIELS, JJ.

*Harry Wilbur,* for appellant. *Peter P. Pope,* for respondents.

DANIELS, J. The demurrer was served to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The facts which were alleged were that plaintiffs recovered a judgment for costs against Myra E. Favor on the 12th of March, 1883; that she, on the 11th of December, 1882, recovered a judgment against the plaintiffs for the sum of $1,208.25 damages, and also the costs of the action. It was further alleged that she was insolvent, and unable to pay the plaintiffs' judgment, and that she had assigned her judgment to the defendant on the 8th of November, 1883. This assignment was made after the equities of the plaintiffs had become fixed, so far as a right of set-off could arise, and by the assignment the defendant took the judgment subject to all such equities. *Bush* v. *Lathrop,* 22 N. Y. 535; *Cutts* v. *Guild,* 57 N. Y. 229. Before the assignment was made, the equity had arisen in favor of the plaintiffs to set off their judgment against that which had been recovered by Favor. *Smith* v. *Felton,* 43 N. Y. 419; *Smith* v. *Fox,* 48 N. Y. 674. And this equity was not dependent upon any preceding request to be made by the plaintiffs to the defendant for the allowance of the set-off. The omission to make the request could go no further than to affect the question of costs; and, as those have mainly been created by the unsupported resistance of the defendant, he cannot very well complain of the

disposition which was made of the costs by the judgment.    The judgment was right, and it should be affirmed, with costs.

BRADY, J., concurs.