HELEN THOMA LEWIS and HAROLD H. CORBIN, as Administrators de Bonis Non of GUSTAVE W. THOMA, Deceased, Appellants, v. FREDERICK J. WHEELER, Respondent.

Third Department, May 3, 1922.

Pleadings — action by administrator to recover for goods sold and delivered by intestate — answer containing no denial but alleging pending action by defendant and other creditors of intestate to set aside transfer by intestate to one of plaintiffs individually and demanding that claim in present action be offset against claim by defendant in other action is insufficient.

In an action by administrators to recover for goods sold and delivered by the plaintiffs' intestate to the defendant, an answer is insufficient under section 500 of the Code of Civil Procedure which contains no denial other than a denial of indebtedness by reason of the facts stated in the defense, but which alleges that the defendant had sold and delivered a large quantity of goods to the plaintiffs' intestate and that said intestate had in fraud of his creditors transferred his property to one of the plaintiffs in the present action, that an action was then pending instituted by the defendant and other creditors of the intestate to set aside the transfer of such real estate and demanding that the claim of the plaintiffs be offset against the amount to be found due in such other action and that the plaintiffs be stayed herein from further pursuing this action. The answer is insufficient in that it contains no denial or new matter constituting a counterclaim or a defense.

APPEAL by the plaintiffs, Helen Thoma Lewis and another, from an order of the Supreme Court, made at the Saratoga Special Term and entered in the office of the clerk of the county of Saratoga on the 1st day of October, 1921, requiring the plaintiffs to reply to new matter set up in the answer as a defense and denying plaintiffs' motion for judgment on the pleadings, consisting of a complaint and answer.

*Butler, Kilmer & Corbin* [*Harold H. Corbin* and *Charles L. Hoey* of counsel], for the appellants.

*William Rooney,* for the respondent.

H. T. KELLOGG, J.:

The complaint alleges that the plaintiffs are the administrators of the estate of Gustave W. Thoma; that their intestate sold and delivered to the defendant goods, wares and merchandise of the reasonable value and at the agreed price of seventy-seven dollars and seventy-four cents; that no part of the sum has been paid; that the defendant is indebted in the sum of seventy-seven dollars and seventy-four cents with interest. The answer denies that the defendant is indebted to the plaintiffs in the sum of seventy-seven dollars and seventy-four cents by reason of facts set forth in a

separate defense, and otherwise makes no denial. The separate defense alleges as follows: That Gustave W. Thoma was the owner of certain real estate; that he conducted thereupon a bakery and confectionery business; that at various times the defendant sold to Thoma large quantities of flour and other merchandise; that within the last six years he thus sold Thoma merchandise of the reasonable value of one thousand seven hundred and three dollars and fifty-five cents; that no part of the sum has ever been paid; that Helen Thoma Lewis, one of the plaintiffs herein, was the only child of Gustave W. Thoma and Grace V. Thoma, his wife; that in September, 1918, the said Gustave W. Thoma and the said Grace V. Thoma with intent to hinder, delay and defraud creditors, and especially this defendant, executed and delivered a deed of said real estate to the said Helen Thoma Lewis; that said Helen Thoma Lewis on the same day executed and delivered a deed of the same premises to the said Gustave W. Thoma and Grace V. Thoma as husband and wife; that Grace V. Thoma survived Gustave W. Thoma; that Grace V. Thoma as the survivor became the sole owner of the title to said premises; that on the death of Grace V. Thoma the title passed to the plaintiff Helen Thoma Lewis; that prior to the beginning of this action the defendant brought an action for the benefit of himself and all the creditors of the said Gustave W. Thoma, deceased, to set aside the transfer of such real estate; that said action is at issue. The separate defense asserts that the claim of these plaintiffs should be offset against the amount to be found due in the prior action, and that this action should be stayed until that action is tried and determined. The answer then prays for a judgment that the claim of the plaintiffs be offset against the amount found due in such other action, and that the plaintiffs be stayed herein from further pursuing this action. It is elementary that the only pleading available to a defendant is a demurrer or an answer. (Code Civ. Proc. § 487.) It is equally elementary that the only recognized answer is one which contains either, (1) a general or specific denial of material allegations of the complaint; or (2) a statement of any new matter constituting a defense or a counterclaim. There is here neither a demurrer nor an answer containing a denial. No new matter is stated which constitutes a counterclaim, for the defendant does not here seek to have his claim against the plaintiffs offset against the plaintiffs' claim, neither does he seek or pray for a judgment in his favor for the amount owed him after deducting the claim of the plaintiffs. Nor is any new matter stated which constitutes a defense. It is alleged that the defendant has brought an action against the plaintiffs and others to enforce his claim and that the

estate of which these plaintiffs are administrators is without assets. Nothing is clearer than that the defendant and the plaintiffs had the right to bring independent actions. Consequently, the answer of the defendant is not such an answer as complies with the provisions of section 500 of the Code of Civil Procedure. It is true that an equitable action sometimes lies to compel reciprocal demands to be offset when one of the parties is insolvent. (*Smith* v. *Felton*, 43 N. Y. 419; *Littlefield* v. *Albany County Bank*, 97 id. 581; *Davidson* v. *Alfaro*, 16 Hun, 353.) No such action has been brought by the defendant. He simply makes a demand in this action for relief in another action by compelling the plaintiffs to offset in such other action his claim in this action. We know of no such practice.

The order should be reversed, with ten dollars costs and disbursements, and the motion to compel plaintiffs to serve a reply denied, with ten dollars costs. The application of the plaintiffs for judgment on the pleadings should be granted unless, within twenty days, the defendant serves an amended answer and pays said costs, in which case application should be denied.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion to compel plaintiffs to serve a reply denied, with ten dollars costs. Application of the plaintiffs for judgment on the pleadings granted unless, within twenty days, the defendant serves amended answer and pays said costs, in which case application is denied.