### ANSTICE *vs.* HOLMES & HOLMES.

In replevin a plea that the goods and chattels in the declaration mentioned were not the property of the plaintiff, without showing whose they were, is bad. It should have averred that they were the property of the defendants or of some third person, naming him, *and* not the property of the plaintiff.

In matters of form established precedents should not be departed from. *Per* BRONSON, C. J.

REPLEVIN for taking two mahogany book cases, the property of the plaintiff. Plea, *actio non*, &c. because they say, that the

said goods and chattels in the said declaration mentioned at the said time when &c. were not the property of the said plaintiff, in manner and form &c., concluding to the country, and pray ing a return of the goods.   Special demurrer and joinder.

*W. Mulock*, for the plaintiff.

. *M. T. Reynolds*, for the defendants.

*By the Court*, BRONSON, Ch. J.   The plea is bad in form for not showing who owned the goods.   The defendants have, in effect, pleaded property in themselves or a stranger, without saying which : or if in a stranger, without saying what one in particular.   The plea should have been, that the goods were the property of the defendants, or of some third person, naming him ; and not the property of the plaintiff.   All the precedents are so.   ( *Wildman* v. *Norton*, 1 *Vent.* 249 ; *Wildman* v. *North*, 2 *Lev.* 92; *Butcher* v. *Porter*, *Carth.* 243 ; 1 *Show.* 400 ; 1 *Salk.* 94, *S. C.; Presgrave* v. *Saunders*, 1 *id.* 5 ; 6 *Mod.* 81 ; 2 *Ld. Raym.* 984, *S. C.; Harrison* v. *McIntosh*, 1 *John.* 380 ; *Rogers* v. *Arnold*, 12 *Wend.* 30 ; 8 *Went. Pl.* 16, 17 ; 2 *Lill. Ent.* 358 ; 3 *Chit. Pl.* 1044, *ed. of '37; Bull. N. P.* 54.)   It is true that the point of the issue will be on property in the plaintiff.   But I think the defendants could only give evidence of property in the person named in the plea.   (*Prosser* v. *Woodward*, 21 *Wend.* 205.)   If it were, however, a question of mere form, established precedents are not to be disregarded. ( *Titus* v. *Follet*, 2 *Hill*, 318.)   An unnecessary departure from precedents, whether it spring from the love of change, or be the result of negligence or ignorance on the part of the pleader. ought not to be encouraged.   It can only lead to useless litigation, delay and expense.

Judgment for the plaintiff.