DARIUS B. SMITH, Respondent, v. FRANCIS G. HALL, Appellant.

Plaintiff's complaint alleged, in substance, that he pledged certain bonds to defendant as security for advances to be made; that he tendered the amount advanced and demanded the bonds, but defendant refused to deliver, and converted them to his own use. The answer denied these allegations, and set up, in substance, that the bonds were delivered to defendant with authority to sell, etc. Upon the trial, defendant offered to prove that plaintiff did not own the claim in suit. This was objected to on the ground that it was not set up in the answer, and objection sustained. *Held*, no error; that in the absence of an averment of title in a third person, with which defendant connected himself, or that plaintiff was not the real party in interest, the evidence offered was inadmissible.

Also *held*, that a counter-claim was not proper, as the action was for conversion; and that plaintiff, by replying to a counter-claim, did not waive the objection.

*Austin* v. *Rawson* (44 N. Y., 63) distinguished.

(Argued June 12, 1876; decided September 19, 1876.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts are sufficiently set forth in the opinion.

*E. H. Benn* for the appellant. It was error to refuse to allow defendant to prove that plaintiff did not own the claim. (*Eaton* v. *Alger*, 57 Barb., 179 ; *Sanford* v. *Sanford*, 45 N. Y., 723 ; *Davis* v. *Hoppock*, 6 Duer, 255 ; *Andrews* v. *Bond*, 16 Barb., 633 ; *Evans* v. *Williams*, 60 id., 346 ; *Thompson* v. *E. R. R. Co.*, 45 N. Y., 468 ; *Greenfield* v. *Mass. Mut. L. Ins. Co.*, 47 id., 430 ; *Ontario Bk.* v. *N. J. Stbt. Co.*, 59 id., 514 ; *Wheeler* v. *Billings*, 38 id., 263 ; *Genet* v. *Davenport*, 58 id., 607.) The court erred in rejecting the counter-claim. (*Austin* v. *Rawdon*, 44 N. Y., 63 ; *Conaughty* v. *Nichols*, 42 id., 83 ; *Seaman* v. *Reeve*, 15 Barb., 454.) So far as the error

in rejecting the counter-claim was concerned, it was not mate-
rial whether the action was on contract or for a conversion.
(*Brown* v. *Buckingham*, 21 How., 190; *Thompson* v. *Kessal*,
30 N. Y., 389; *Xania Branch Bk.* v. *Lee*, 7 Abb., 372; 2
Bosw., 694; Code, § 150.)

*H. Bowman Smith* for the respondent.   The offer to prove
that plaintiff did not own the claim in suit was properly
rejected.   (6 Bosw., 154; Add. on Torts, 558; Van Sant. Pl.,
410, 417; *Seeley* v. *Engle*, 17 Barb., 530; *Bronson* v. *C., R.
I. and P. R. R. Co.*, 40 id., 48; *Plant* v. *Schuyler*, 7 Robt.,
271, 275; *Witherspoon* v. *Van Dolar*, 15 How., 266; *Fleury*
v. *Roget*, 5 Sand., 646; *Catlin* v. *Gunter*, 1 Duer, 253; 7
Abb., 450; *Kissand* v. *Roberts*, 6 Bosw., 154; *Raynor* v.
*Timerson*, 46 Barb., 526; Code, 121; 60 Barb., 347; 17
Abb., 318; 23 How., 300; 11 id., 380; 5 Duer, 605; 6 Bosw.,
601.)   This was an action *ex delicto*, not upon contract.
(*Durant* v. *Einstein*, 5 Robt., 423; Story on Bail., §§ 122,
191, 341, 339, 286, 290, 294; *Wilson* v. *Little*, 2 Com., 443;
*Lewis* v. *Graham*, 4 Abb., 106; 2 Kent's Com., 557; 41 N.
Y., 241; 14 Pick., 497, 505, 509.)   An action *ex delicto* lies
by a pledgor against the pledgee for the conversion of a
pledge.   (*Wilson* v. *Little*, 2 Com., 443; *Luckey* v. *Gannon*,
37 How., 134; *Intl. Bk.* v. *Monteath*, 39 N. Y., 300; *Mark-
ham* v. *Jaudon*, 41 id., 235; *Romaine* v. *Van Allen*, 26 id.,
309; *Reed* v. *Lambert*, 10 Abb. [N. S.], 428; *Haskins* v.
*Kelly*, 1 id., 63; *Lane* v. *Bailey*, 47 Barb., 395; *McNeil* v.
*Tenth Nat. Bk.*, 55 id., 59; *Taylor* v. *Ketchum*, 35 How.,
289; *Campbell* v. *Parker*, 9 Bosw., 322; *Stearns* v. *Marsh*,
4 Den., 227.)

RAPALLO, J.   The complaint alleged, in substance, that the
plaintiff pledged to the defendant $3,000 of town bonds, as
security for advances to be made by the defendant.   That,
afterwards, the plaintiff tendered to the defendant, the full
amount of money advanced by him for which the bonds were
held in pledge, with the interest thereon, and demanded the

bonds, but the defendant refused to deliver them, and had converted them to his own use.

The answer denied these allegations, and averred that the bonds were delivered to the defendant with authority to sell them, and, after paying out of the proceeds a certain indebtedness then existing from the plaintiff to the defendant, to pay the balance of the proceeds to the plaintiff; and in the meantime to make advances to the plaintiff on account of such balance. That the defendant sold the bonds, but the proceeds were insufficient to pay the amount due him.

The answer, also, set up certain counter-claims arising on contract.

On the trial, upon conflicting evidence, the judge submitted to the jury the question of fact, whether the bonds were delivered upon the agreement set up in the answer and testified to by the defendant, or under the agreement testified to by the plaintiff, and charged the jury that if they found that the plaintiff's statement of the case was true, and the bonds were given to secure future advances only, the plaintiff was entitled to recover. He further charged that in case they found for the plaintiff, he was entitled to recover the difference between the $3,000, and the amount of money advanced with interest, which was conceded to be $2,577.14.

Exceptions were taken to these portions of the charge, but they have not been argued upon this appeal. The appellant now insists upon certain exceptions which were taken during the trial, and which are as follows:

The defendant's counsel offered to prove that the plaintiff did not own the claim in suit. Objection was made that this was not set up in the answer and the court sustained the objection.

This ruling was, we think, correct. The pleadings admitted that the bonds were received by the defendant from or on the order of the plaintiff, and the only dispute was as to the terms upon which they were delivered. In the absence of any averment of title in a third person, with which the defendant connected himself, or of a plea that the plaintiff was not the real party in interest, the evidence was clearly inadmissible.

The defendant then offered to prove the amount of the old indebtedness of the plaintiff to the defendant. Objection was taken to this proof and sustained, the court holding that this action was for a conversion and the defendant could not set up a counter-claim.

This ruling, also, was, we think, correct, the action was plainly one for conversion, in which a counter-claim was not allowable. The reply of the plaintiff was no waiver of this objection.

The case of *Austin* v. *Rawdon* (44 N. Y., 63), relied upon by the appellant to show that this was an action on contract is not an authority in his favor on that point. That action was founded on an agreement by the defendants to deliver certain securities. The allegation that the refusal to deliver them was wrongful, and that the defendants wrongfully disposed of and converted them, did not make it an action of tort. All these acts were simply a violation of their contract. In the present case the right of the plaintiff to the bonds, is founded upon his own title and not upon any promise of the defendant. The wrong done is the conversion of *his* property, not the mere breach of an agreement to deliver property to him.

The proof offered was not material for any other purpose than to establish a counter-claim. If the bonds were delivered as security for the old indebtedness, or for the purpose of satisfying it, the action must have failed, and the court so charged. It was conceded that the amount tendered was only that of the subsequent advances and interest. The fact of the old indebtedness had been proved; the precise amount of it was of no consequence. The jury having found that the pledge was as security for the new advances only, and the proof offered, not having any bearing on that question, it was wholly irrelevant.

The judgment should be affirmed.

All concur; MILLER, J., not sitting.

Judgment affirmed.