SANFORD COFFIN, as Assignee, etc., Respondent, *v.* JAMES McLEAN et. al., Appellants.

Three of the defendants, in an action brought by them against M., plaintiff's assignor, to recover possession of personal property, gave an undertaking executed by them and by the other defendants as sureties, on a claim for the immediate possession of the property. M. succeeded in the action, recovering a judgment for the value of the property; execution was issued thereon and returned unsatisfied. In an action upon the undertaking defendants claimed to be allowed as a set-off an indebtedness of M. to the principals in the undertaking, part of which was due and payable before the assignment of M. to plaintiff, and a part after; but all of which was due and payable before there arose a cause of action upon the undertaking. *Held*, that at law defendants were not entitled to the set-off. 1st. Because it was a several indebtedness of M. to but three of the defendants, while the liability of defendants was joint. 2d. Because it was due and payable before there was a cause of action in the plaintiff.

The assignment to plaintiff by M., was for the benefit of the creditors of the latter, he being insolvent; it was made before the termination of the replevin suit; the principals in the undertaking, also, before that time, became insolvent. *Held*, that, upon equitable principles, defendants were not entitled to the set-off, as the equities in plaintiff and the creditors of M. were superior to those of the defendants.

*It seems,* that in an action against a principal and surety insolvency of the plaintiff, is a sufficient ground in equity for the allowance of a set-off existing in favor of the principal against the plaintiff. This equitable right is strengthened where the principal also is insolvent.

(Argued March 10, 1880; decided April 6, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial, without a jury.

The nature of the action and the facts appear sufficiently in the opinion.

*James Dunne,* for appellants. The plaintiff as voluntary assignee for the benefit of creditors, took subject to all the rights and equities existing against his assignor. (*Ex parte Howe,* 1 Paige, 125; *Slade* v. *Van Vetchen,* 11 .id., 21;

*Cook* v. *Smith*, 3 Sandf. Chy., 333; *Maas* v. *Goodman*, 2 Hill, 278; *Reed* v. *Sands et al.*, 37 Barb., 185; *Griffin* v. *Marquardt*, 17 N. Y., 30; *Van Heusen* v. *Radcliff*, id., 58; *Smith* v. *Felton*, 43 id., 419–423.) Cochran, McLean & Co., having had a present right of action against Mead, prior to the latter's assignment to plaintiff, are entitled to have it set-off as against the plaintiff in the present action. (*Beckwith* v. *Union Bk.*, 5 Seld., 211; *Meyers* v. *Davis*, 22 N. Y., 489; *Martin* v. *Kunzmuller*, 37 id., 396.) The fact of there being no judgment in the replevin suit against Cochran, McLean & Co., at the date of Mead's assignment, so as to make a case of mutually existing debts, will not avail to defeat defendant's right of set-off. (*Smith et al.* v. *Felton*, 43 N. Y., 419; *Smith et al.* v. *Fox*, 48 id., 674; *Jordan* v. *Sharlock*, 84 Pa. St. R., 367.) In a suit against principal and surety on a joint bond, the surety, if the principal is willing, may set-off a debt due such principal from the plaintiff. (*Mahurin* v. *Pearson*, 8 N. H., 539; *Concord* v. *Pillsbury*, 33 id., 315; *Andrews* v. *Varrell*, 46 id., 17; *Brundridge* v. *Whitcombe*, 1 Chip. [Vt.], 180; *Downer* v. *Dana*, 17 Vt., 518; *Crutcher* v. *Trabue*, 5 Dana [Ky.], 80; *Meyers* v. *State*, 45 Ind., 160; *Waterman* v. *Clark*, 76 Ill., 428; *Himrod et al.* v. *Baugh*, 85 id., 435; *Ex parte Hanson*, 12 Ves., 345; 18 id., 232; *Bechervaise* v. *Lewis*, 5 Law R. [7 Com. Pl.], 372; *Hollister* v. *Davis et al.*, 54 Pa. St. R., 508; *Springer* v. *Dwyer*, 50 N. Y., 19.) While, as a general rule, courts of equity follow the rules of law enforcing set-offs, they exercise an original jurisdiction over the subject, and, in cases of peculiar equity, and under special circumstances, will enforce a set-off not within the letter of the statute. (*Bathgate* v. *Haskins*, 59 N. Y., 537, 539; *Smith* v. *Fulton*, 43 id., 419; Willard's Eq. Jurisprudence [Potter's Ed.], 1004–1006; *Suprs. of Albany* v. *Dorr*, 1 Den., 268; *Gillespie* v. *Torrance*, 25 N. Y., 306; *Wetlig* v. *Moltz*, 9 Week. Dig., 15; *People* v. *Jansen*, 7 J. R., 332; *King* v. *Baldwin*, 2 Johns. Ch., 554; *Sailly* v. *Elmore*, 2 Paige, 497.) The insolvency of Cochran, McLean & Co.,

and of Meade, is a distinct equitable ground of set-off, in favor of the sureties on the undertaking. (*Lindsay* v. *Jackson*, 2 Paige, 581; *Chance* v. *Isaacs*, 5 id., 592; *Simson* v. *Hart*, 14 J. R., 63; *Gay* v. *Gay*, 10 id., 369; *Smith et al.* v. *Felton*, 43 N. Y., 419; *Bathgate et al.* v. *Haskins*, 59 id., 537; *Pond* v. *Smith*, 4 Conn. R., 297; Waterman on Set-off [2d ed.], §§ 431, 441; See Byles on Bills [6th ed.], p. 541; *Gillespie* v. *Torrance, supra ; Holbrook* v. *Recrs. of Am. F. Ins. Co.*, 6 Paige, 220; *Tuscumbia R. R. Co.* v. *Rhodes*, 8 Ala. R., 206.)

*U. G. Paris*, for respondent. The facts did not make a case of set-off, in favor of the defendants, or any of them. (2 R. S., 354 [6th ed.], § 13, vol. 3, 614.) It is wholly immaterial whether or not any part of the claim of Cochran, McLean & Co., was due at the time of the assignment. (*Keep* v. *Lord*, 2 Duer, 78; *Patterson* v. *Patterson*, 59 N. Y., 574.)

FOLGER, J. This is an action on an undertaking, given for some of the defendants, on a claim by them for the immediate delivery of personal property, in an action brought by them against one Meade. Before the determination of that action Meade became insolvent, and made a general assignment for the benefit of his creditors, whereby his interest in the property, in that action and in that undertaking, passed to the plaintiff, his assignee. The plaintiff defended the action and recovered a judgment therein for the value of the property, and issued execution thereon without effect ; for the plaintiffs in that action had then become insolvent also. The undertaking became operative and enforceable in his hands ; nor is the liability of the defendants thereon now denied. They claim, only, to have allowed to them as a set-off, the indebtedness of Meade to the principals in the undertaking, who were the plaintiffs in the action in which it was given ; so much of it as will extinguish the plaintiffs' demand. That indebtedness is of two kinds. One

kind is that which became due and payable before the assignment of Meade to the plaintiff; and the other is that which did not fall due and payable until after that assignment; but both kinds were due and payable before there arose a cause of action on the undertaking.

This is an action at law; and the defense, as averred in the answer, is one at law. At law the indebtedness of Meade to the principals in the undertaking cannot be set-off, for two reasons: First, it is a several indebtedness by him to but three of the defendants, while the liability of all the defendants is joint; and second, it was due and payable before there was a cause of action in the plaintiff on the undertaking. At law the right of set-off is a creature of the statute; and the statute does not give it to defendants, more than one, unless the demand sought to be set off is due to them all jointly (2 R. S., 354, § 18, sub. 6; Code of Procedure, § 112); or unless a separate judgment may be had in the action between one or more of them and the plaintiff. (New Code, § 501.) Nor is it permitted, except when the demands are mutual, that is, where both were due and payable before the transfer of either to a third party. (*Patterson* v. *Patterson*, 59 N. Y., 574; *Jordan* v. *Nat. S. and L. Bank*, 74 id., 468; *Beckwith* v. *Union Bank*, 9 id., 211.)

Can the equity powers of the court be invoked in this action by the defendants? We have said that the answer does not state a case calling to a court of equity. Yet it does appear from the proofs that facts exist such as equity takes hold of; thus, that three of the defendants are principals in the undertaking, and two of them are sureties; that Meade, the plaintiff's assignor was then insolvent; that Meade was indebted to the principals in the undertaking, and that they were then insolvent. The latter appeared from an admission, which was made subject to such objections as the plaintiff could have raised, had the defendants offered testimony to prove that fact. He did object that the testimony was incompetent, immaterial and inadmissible, and not within the issue. The objection was overruled without an

amendment of the pleadings ; nor does it appear that they have been amended at any stage. The answer set up every fact thus shown, save that of the insolvency of the principals ; and of that the plaintiff was apprised before the trial, and apprised also that the defendants would seek to use that fact to make out a right to set off. We think that in the present temper of the law and the courts for reaching the merits of a litigation — without regard too much to the frame in which the pleadings have set the issue — the defense may be treated as an equitable one, and if there were need, the pleadings would now be amended to take in averments of the facts as shown on the trial.

Then the question comes up whether, upon equitable principles, the defendants should have the set-off they ask. The general rule is that equity requires that cross-demands be set off against each other, if, from the nature of the claim or the situation of the parties, justice cannot otherwise be done : (*Smith* v. *Felton*, 43 N. Y., 419.) Insolvency of one of the parties, *ceteris paribus*, is a sufficient ground for an allowance of a set-off in equity ; (Id.) ; and though one of the parties seeking the set-off be a surety for the other, equity will adjudge it in favor of both against a demand collectible of both. The force of these rules is strengthened when insolvency is the state of the surety's principal, as well as of the person suing. If equity would allow the set-off here claimed against Meade, were he plaintiff in this action and the owner of the claim in suit, then it will allow it against Coffin, his assignee, who is the plaintiff ; for the latter takes the claim subject to all equities against Meade existing at the time of the assignment : (*Smith* v. *Felton, supra*, 423.)

It remains, then, to be seen whether there are any circumstances in this case that show equities in the plaintiff, or in the creditors of Meade, superior to those of the defendants. We think that such are shown. The defendants, who are principals in the undertaking, once set up an unfounded claim to property of Meade, and took it away from him in form of law. By so much as it was worth they lessened his

ability to pay his creditors. They diminished his assets to that extent. Those defendants kept that property and put it to their own use. The undertaking is instead of that property, and the judgment that the plaintiff has got in this suit upon it, it is to be assumed, is for no more than the value of that property. Now is it equitable, as between those defendants and the other creditors of Meade, that they should have and keep that property, so much of the assets of Meade, and also have their indebtedness against him for the purchase-price of it, or of that of which it was a part, satisfied in whole or in part by the application thereto of the amount of this undertaking? Thereby the principal defendants, one set of creditors of Meade, would in effect receive from his assets much more than any of the other creditors; and that too as the result of a baseless claim against him, prosecuted without right. This would not be just, and equity will not so decree.

The judgment should be affirmed.

All concur.

Judgment affirmed.