WILLIAM D. SHIPMAN, as Assignee, etc., Plaintiff, *v.* HENRY L. LANSING and JAMES M. SMITH, Trustees, etc., Defendants.

*Set-off — when allowed in case of insolvency.*

The plaintiff, as the assignee of an insolvent firm, sought to recover from the defendants moneys held in trust for one of the partners, to the possession of which he had become entitled after the date of the assignment. The individual debts of the partners had been paid out of their private property. At the time of the assignment the firm was indebted to the defendants for trust moneys deposited with it.

*Held,* that the defendants were entitled to set-off the amount due from the firm against the amount due to the said partner.

THIS controversy was submitted upon agreed facts as provided for by the Code of Civil Procedure.

*Sprague, Milburn* and *Sprague,* for the plaintiff.

*Livingston Lansing,* for the defendants.

HAIGHT, J.:

The facts agreed upon are in brief and in substance as follows: William Butler Duncan, William Watts Sherman and Francis H. Grain were partners, doing a banking business in the city of New York, under the firm name and style of Duncan, Sherman and Company. The firm, and the individual members thereof, became insolvent, and on the 27th of July, 1875, made an assignment for the benefit of creditors, to the plaintiff, of all their individual and co-partnership property. The defendants, as trustees under the last will and testament of Henry B. Gibson, deceased, held in trust the sum of $37,500, which belonged to William Watts Sherman, one of the assignors, upon the death of his mother, which occurred on or about the 11th day of March, 1878. Upon her death, and by reason of such assignment, the right to such fund vested in the plaintiff. Prior to, and at the date of the assignment, the defendants had on deposit with the firm of Duncan, Sherman and Company, of such trust funds, the sum of $1,555.73. The individual debts of the members of such firm have been paid from their private property.

The court is now asked to determine whether the amount of such deposit is a lawful set-off in favor of the trustees.

It is a rule of equity that cross demands be set off against each other, if from the nature of the claim or situation of the parties justice cannot otherwise be done. Insolvency of one of the parties is a sufficient ground for an allowance of a set-off in equity. The Code of Civil Procedure provides (section 501) that counter-claims "must tend in some way to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in

the action : 1. A cause of action arising out of the contract or trans-action set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action.   2. In an action on contract, any other cause of action on contract existing at the commencement of the action."

The claim of the defendants against said firm is one arising on contract, and is within the second subdivision of this section.

Section 507 of the Code of Civil Procedure provides :   "A defendant may set forth, in his answer, as many defenses or counter-claims, or both, as he has, whether they are such as were formerly denominated legal or equitable," etc.   Under this section the defendants are empowered to set forth in their answer an equitable counter-claim as well as legal.

If this firm had been creditors of the defendants at and before the making of this assignment, the claim of the defendants would have been an equitable offset within the case of *Smith* v. *Felton* (reported in 43 N. Y., 419), which case was followed in *Smith* v. *Fox* (48 N. Y., 674), and quoted approvingly in the case of *Coffin* v. *McLean* (80 N. Y., 560, 564).   By the assignment in question, the assignee of such firm became vested with this claim, and he now, as such assignee, is a creditor of the defendants.   The assignee as such, takes such rights as the assignor possessed at the time of the assignment.   He takes subject to all the rights and equities of the defendants.   Their rights and equities remain the same as if the assignment had not been made.   It therefore appears to me that the true test of the plaintiff's rights herein is to inquire what their rights would have been had the assignment not been made.   Suppose, therefore, that Mr. Sherman had brought action against these defendants for this sum.   They then would have the right to answer and claim that he was insolvent, that he was a member of the firm, that the firm was insolvent, and had made an assignment for the benefit of creditors.   That the firm at the time of making such assignment was owing the defendants the sum of $1,500.73 ; that his individual debts had been paid from his private property, and that he, as a member of such firm, was liable for the firm debts, their assets not being sufficient to pay in full.

Can it be doubted that under such circumstances the defendants would have the right to have the amount of their claim against the

firm offset as against Mr. Sherman, the individual member of the firm? I think not. Their rights are within the rules of equity as laid down in the cases cited. The question, therefore, must be answered in favor of the defendants.

Judgment ordered accordingly, with costs.

SMITH, P. J., and HARDIN, J., concurred.

Judgment ordered for defendants, with costs.