Kennedy, J.
After setting out the facts which entitle plaintiff to dower in the real estate described in the complaint, the plaintiff asks that the rights of the parties in said premises be adjudged and determined, and that there be assigned and admeasured to the plaintiff her dower interest therein, as the same may be adjudged by the court, or if it is not for the best interest of all the parties concerned that a distinct parcel or parcels of said property be admeasured and laid off for dower, then that the premises or such portions thereof as shall be for the best interest of said parties may be decreed to be sold under the direction of the court, and the proceeds of the same be divided between the respective parties according to their rights and interests.
To this complaint the defendant answered, admitting among other things the marriage of the plaintiff with Patrick O’Dougherty, his death, the survivorship of the plaintiff, the seizure of the lands in question by him during coverture, but avers a want of knowledge or information as to whether the plaintiff is entitled to dower in said lands. And after setting up certain matters by way of counterclaims and defense, it claims and demands judgment *525 that any dower, right or interest which may be assigned and admeasured to the plaintiff in said premises be charged therewith, etc.
After the issues were joined they were referred to a referee to hear and determine. A trial was had and he subsequently made and filed his report, in which he finds among other things, as conclusions of fact, that the premises were so situate that a distinct part of the property cannot be admeasured and laid off for the plaintiff, as tenant in dower, without material injury to the plaintiff. He also found that the plaintiff had, before the commencement of the trial, filed with the proper clerk her consent to accept a gross sum in full satisfaction and discharge of her dower in the lands described in the complaint; and that the same was duly served upon the party.
He further found as conclusions of law upon the fact that the plaintiff is entitled to dower in all the lands described in the complaint, subject to certain hens (specified) thereon, and directed that the premises be sold by the sheriff of the county of Jefferson, at public sale pursuant to statute, subject to said hens.
That before an interlocutory judgment be entered for such sale, a reference be had to ascertain whether any person not a party to the action has any hens upon the premises, and upon the coming in of said report that judgment be entered for such sale.
The contention on the part of the defendant is, that the only question that could be ascertained on said trial was, whether the plaintiff was entitled to dower in the lands; and to adjudge that it be assigned and that she is now entitled to the entry of an interlocutory judgment only, directing that the plaintiff’s dower be admeasured by a referee, to be designated therein, or by three commissioners, and that the subsequent proceedings be had as is provided by statute in that regard.
The plaintiff, on the contrary, insists that by the offer made by her to take a gross sum, and under the pleadings and findings of the referee the court should be satisfied, without resorting to another reference for that purpose; that a distinct parcel of the lands cannot be laid off to the plaintiff as a tenant in dower, without material injury to the parties, and that it should (following the decision of the referee) now order the entry of an interlocutory judgment, directing that the lands be sold by the sheriff, etc.
These respective contentions are to be determined by the construction to be given to the statute when applied to this case as it stands.
Two distinct proceedings seem to be contemplated, one where the dowress has not filed her consent to take a gross *526 sum, and the other when she has. In the former, the proceedings are to conform to section 1607, etc., and in the latter to section 1619, etc. In the former, when it is determined that the plaintiff is entitled to dower, an interlocutory judgment must be entered, directing that the same be admeasured. In the latter, if the court- has ascertained in any manner, satisfactory to it, that dower cannot be ad-measured in the lands, or a distinct parcel set off without material injury to the parties, then a judgment must be entered by directing a sale.
[Note.—The following opinion in this case was rendered at special term of Jefferson county in 1883, before the case was sent to a referee, and has never been published. It is thought of sufficient importance in itself to justify its publication now, especially as it will enable the 1886 opinion to be better understood.—Ed.]
O’Doushebty v. Remington Papeb Company.
D. O’Brien, for plaintiff.
E. B. Brown, for defendant.
Ohübchill, J.—In or about 1861 the plaintiff intermarried with Patrick O’Dougherty, who, during the marriage and on and prior to April 13,1874, was siezed in fee of the premises described in the complaint, and who died June 30, 1881. The defendant at his death and ever since has claimed to own in fee and has been in the actual occupancy of all the lands described in the complaint, except the last two parcels, as to which it disclaims any title and denies ever having had possession.
The plaintiff’s complaint asks that the rights and interests of the parties in the premises be adjudged and determined; that her dower interest as adjudged be admeasured and assigned to her; that if a distinct parcel or parcels of land cannot be set off to her for her dower; that the premises, or a sufficient part thereof, he sold under the direction of the court and the proceeds divided among the parties according to their respective rights and interests, and, also, that she may recover damages for withholding her dower to he computed from the commencement of the suit.
*526 The issue made by the pleadings presented for trial, and determined by the court or the referee to whom the same was referred, and who stood, in all respects, as the court, included both the question of the assignment and the ad-measurement of the plaintiff’s dower, and both were tried by him. He has passed upon them, and has, upon the evidence presented, adjudged that admeasurement cannot be made by setting off a distinct parcel to the use of the widow without injury to the parties. If the practice contended for by the defendant in this case should prevail, the parties would be put to the additional expense of another reference, or of a commission, for the purpose of reaching the result already arrived at, a proceeding entirely unnecessary, and when the proper consent has been given by the widow to take a gross sum, one not contemplated by the statute. In this case subsequent proceedings should conform with the requirements of section 1619 and those following.
If right in this, it follows that the motion should be denied.
Order will be entered denying the motion, with ten dollars costs.
To the third, fourth, sixth, seventh, eighth and ninth defenses in defendant’s answer the plaintiff demurs. The grounds of demurrer to each defense are the same:
First. That it is insufficient in law on its face.
Second. That it is not of the character specified in section 501 of the Code.
Third. That it does not state a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff’s claim, or connected with the subject of the action.
The plaintiff’s claim is not founded on contract, or on any transaction between the parties thereto. Moore v. Mayor of New York, 8 N. Y., 110; Bogardus v. Twicer, 7 How., 303.
Two questions are raised by the demurrer as to each of the defenses demurred to:
First. Is it sufficient in law upon the face thereof ?
Second. If a counter-claim, does it state a cause of action existing between the parties hereto, and connected with the subject of the action ?
1. The third defense avers that in 1843, twenty years before his marriage to the plaintiff, Patrick O’Dougherty executed and delivered a mortgage upon the first four parcels described in the complaint for $3,373.36; that on or before July 35,1868, he paid the mortgage in full to the surviving mortgagee, by whom on that day it was assigned to James Daly; that James Daly on the 10th of September, 1863, without'any consideration therefor assigned the mortgage to the plaintiff; that June 13,1868, she assigned it for value to James F. Starbuck and covenanted in the assignment that the mortgage was in full force and effect, and "that $3,000 was due thereon, the payment of which, with interest, she guaranteed; that on the 3d day of May, 1877, in pursuance and by direction of a judgment of the supreme court in an action in which the defendant here was plaintiff and the plaintiff in this action with others were defendants, Starbuck assigned the mortgage for the benefit of the defendant in this action, by whom the consideration for the assignment was paid to George P. Fotts, who now holds it in trust for the defendant, and that there is now due upon it $3,000, and interest from May 3, 1877.
By demurring the plaintiff admits these averments to be true.
By reason of plaintiff’s assignment and covenant the mortgage, as to her, is a valid and subsisting mortgage. Kellogg v. Ames, 41 N. Y., 359; Pierson v. Anderson, 4 Edw., 17; Tifft v. Munsen, 57 N. Y., 97.
Her claim of dower is, therefore, subject to the incumbrance of the mortgage, and she is entitled to dower only in the equity of redemption. Van Buyne v. Thayer, 14 Wend., 333; S. C., 19 id., 163; Gullins v. Torry, 7 John., 378; Coles v. Coles, 15 id., 319.
The matters set up in the third defense are good as a defense therefore, in part, to the plaintiff’s claim, and are good as a counter claim, since they set forth a cause of action tending to diminish the plaintiff’s recovery and connected with the subject of the action.
The fourth defense sets up another mortgage, but the principles involved are the same as in the third.
As to these two defenses, therefore, the demurrer is overruled.
3. The sixth, seventh and eighth defenses aver the recovery of certain judgments against the plaintiff, or for which she is equitably liable, and in favor of the defendant, or of which the defendant is averred to be the owner, which judgments are set up as set-offs to the plaintiff’s claim for dower and damages, and judgment is asked that they be declared liens upon and payable out of the dower interest of the plaintiff in the premises, and for such other relief as to the court may seem proper.
An answer containing a statement of new matter, to be held good, must state a defense, complete or partial, to some cause of action in the complaint, or must state a counter-claim answering the requirements of section 501 of the Code. See Code, §§ 500, 501, 508.
The judgments above referred to are not defenses to this action by plaintiff to recover her dower in her deceased husbands lands: and although in themselves, under the averments of the answer, causes of action in favor of the defendant against the plaintiff they are not counter-claims within the requirements of section 501 of the Code, because not “connected with the subject of the action.” The actions in which they were recovered seem all to have' been connected in one way or another with the land in which the plaintiff seeks dower; hut the subject of this action is not the land, hut plaintiff’s right of dower in the land with which these actions and the judgments recovered therein have no connection. 7 How., 303.
The decision of the court of appeals in Payne v. Becker establishes that “the widows right on claim of dower is property; that like any other species of property may be reached and applied to the payment of her debts.” Sections 1871-1873 give to a judgment-creditor a right of action against the judgment debtor, to prevent the transfer, payment or delivery of property to the latter, and to procure the satisfaction of the judgments out of any money, thing in action (which the widows right of dower before assignment is held to be [Tompkins v. Ponda, 4 Paige, 448]), or other property of the judgment debtor. Such an action by the defendant to procure the satisfaction of these judgments out of the dower right demanded by the plaintiff in this action would present a cause of action connected with the subject of this action, and, therefore, a proper counterclaim under section 501 of the Code. Do these defenses state facts sufficient to sustain a judgment-creditor’s action under sections 1871-1873 of the Code?
The sixth does not, since it fails to state that any execution was ever issued to the sheriff of the county where the judgment-debtor resided, or had an office for the regular transaction of business, or where the judgment roll, or a transcript of the judgment was filed as required by section 1872.
The eighth does not, since section 1871 only permits an action to be brought under it for the discovery and appropriation of property of the judgment debtor. The judgment-debtor in the judgment mentioned in the eighth defense is James P. O’Dougherty, and the property tire defendant would reach is not his, but that of Anna M. O’Dougherty.
The seventh seems to meet the requirements of the Code. It might be claimed that the averment that the defendant was the owner of the judgment mentioned in that defense, was the statement of a conclusion of law, and, therefore, not admitted by the demurrer. 45 N. Y.,- 535. But ownership is a matter of fact, as well as a conclusion of law, and the averment seems to be sufficient to bring the defendant within the definition of a “judgment creditor.” Code, § 3343-13.
The demurrer is, therefore, sustained as to the sixth and eighth defenses, and overruled as to the seventh.
3. The demurrer to the ninth defense must be sustained.
Pirst. The fact that the suit was begun in violation of an order of the court is not a defense to the action.
Second. The facts which, as it is claimed, vested in John Lansing, as receiver, the plaintiff’s right of dower occurred after the commencement of the action, as appears upon the face of the pleadings, and, therefore, could only properly be presented in a supplemental pleading and by leave of the court. Code, § 544; 13 How., 240; 11 Abb., 210; 10 id., 262; 41 How., 125.
Third. A transfer of interest after the commencement of the action is not a defense to the action, since it is still for the court to say whether the action shall or shall not continue in the name of the original party. Code, § 756.
The set-off allowed by the Revised Statutes was repealed by chapter 417 of the Laws of 1877; but the right of equitable set-off invoked by the plaintiff was not created by the statute, and did not cease with its repeal. Smith v. Pelton, 43 N. Y„ 419.
But the claims set up by the defendant do not seem to be proper matters of set-off either at law or in equity to the claim of the plaintiff’s, attempted to be enforced in this action. 25 Hun, 290; 80 N. Y., 560.
Demurrers to sixth, eighth and ninth defenses sustained, with costs to plaintiff, with leave to defendant to amend on payment of costs.
Demurrer overruled as to third, fourth and seventh defense, with costs to defendant, with leave to plaintiff to reply on payment of costs.