McAdam, C. J.
This action was brought by the plaintiff to recover $1,000 alleged to have been loaned to the defendant, and for which the latter gave a post-dated check to the plaintiff’s order. The defendant claimed that the alleged loan was in fact a payment on account of certain transactions, which the plaintiff’s firm and his father’s estate had with the defendant in regard to certain Texas lands.
He also claimed that the check was without consideration, was a mere memorandum made to facilitate the plaintiff in getting contribution from others interested in the Texas scheme.
The question whether the theory presented by the plaintiff or that offered by the defendant in respect to the $1,000 *273 was correct, was intelligently submitted to the jury under proper instructions, and unless some error was committed in reference to the defendant’s counter-claims, the judgment entered on the verdict of the jury must be affirmed.
The alleged counter-claims in favor of the defendant, if they exist and are recoverable, are against the plaintiff and two others as copartners. They are not therefore the proper subject of counter-claim. Code, § 501; Mynderse v. Snook, 1 Lan., 488. The rule is that a joint debt cannot be set off against a separate debt, nor a separate debt against a joint debt. This principle of the law of counter-claims is conceded, but the present case is said to present an exception to it, because the plaintiff’s copartners are insolvent. There is no pretense that the plaintiff is insolvent, for the answer affirmatively alleges that the plaintiff is the only member of the firm that is solvent, hence his solvency is not questioned by the pleading, which presents the counterclaims under consideration. Equity does not always allow the right of set-off and courts of equity, following the law, will not allow a set-off of a joint debt against a separate debt, or conversely, of a separate debt against a joint debt; or, to state the proposition more generally, they will not allow a set-off of debts accruing in different rights. Story’s Eq., § 1437; Waterman on Set-off, 428. But special circumstances may occur, creating an equity, which will justify even such an interposition. Thus, in Smith v. Felton et al. (43 N. Y., 419) it was held that the amount of a partnership deposit with an insolvent banker, was a proper subject of set-off in an action brought by the assignee in trust for creditors of such banker, ón a note held by the banker, made by one of the partners and endorsed by the other for partnership purposes.. The banker had failed and but for the set-off, which the court allowed on equitable principles, the defendants would have been obliged to pay the banker’s assignee the amount of the note, without any chance of collecting their counter-claim from the insolvent banker. That was an extreme case, and the court extended, its equitable powers to prevent injustice.
Coffin v. McLean (80 N. Y., 560) was an action by a general assignee for the benefit of creditors, and set-off was allowed against the insolvent assignor on the same principle.
Bathgate v. Haskin (59 N. Y., 533) merely holds that a mortgagor may set up a counter-claim in an equitable action to foreclose a mortgage on real estate, and can scarcely be said to reach the question now under review.
The right of equitable set-off to the extent allowed in Smith v. Felton and Coffin v. McLean, supra, was not *274 established as one of convenience, but of necessity, founded on the exigencies of the cases which created equities, which called for and justified the interpretation applied. There is no such necessity in this case, as the plaintiff is solvent, and the counter-claim if enforceable, may be prosecuted and collected according to legal methods in an ordinary action against the firm, in which the joint rights, liabilities, and equities of the firm on the one hand, and the defendant on the other, can be more appropriately adjusted and determined. Either this is so, or it follows that in any case where two members of a firm fail, and the third (who is solvent) prosecutes an individual claim, the obligations of the firm constitute a good counter-claim, if pleaded by the defendant.
We do not think the courts intended to carry the rule so far as this. We are aware that a creditor of a partnership may proceed in equity against the representatives of a par - ner, deceased since the debt accrued, and against the surviving partners jointly, if the complaint avers the latter to be insolvent. Haines v. Hollister, 64 N. Y., 1. In a sense, all the contracting parties are by this procedure brought into a court of equity where their respective rights, liabilities and equities may be determined and fixed by an appropriate decree, without recourse to other litigation. This is practical, as an ordinary action at law against the insolvent survivors would be unproductive in its results. In the present case, the defendant has a complete remedy against the firm at law, one membel* of which, at least, is responsible, and the judgment which may be recovered is therefore collectable by legal methods without seeking equitable aid from the court. These views do not conflict with Davidson v. Alfero (80 N. Y., 660), or Littlefield v. Albany Co. Bank (97 id., 581), for the rule is declared in the last case to be, that equity requires set-off where, by reason of the insolvency of either debtor, satisfaction cannot be obtained, and this upon the principle that it would be neither just nor equitable to require the responsible party to discharge his obligation, and be turned over to an insolvent for a remedy on a demand equally meritorious. 97 N. Y., at p. 586. It is because the law does not give the defendant in such a case, an adequate remedy, that equity steps in and gives it to him. The equitable right attaches only in cases where the legal remedy fails, and the defendant is fiven the equitable relief because substantial justice cannot. e done without it. The reason for the rule does not apply to a case where, as in this instance, one of the firm is conceded to be solvent, so. that the remedy against it is substantial and not mythical. The defendant, therefore, needs no equitable relief, as the ordinary remedies of the- *275 law are sufficient for all the requirements of justice. Under section 507 of the Code, a defendant may set forth as many defenses or counter-claims as he may have, whether legal or equitable, but unless they exist in favor of the defendant and against all the plaintiffs, or against the plaintiff individually, if there be but one plaintiff, the equitable counterclaim, if it be not in some way connected with the subject of the action, must be one warranted by the extreme exigencies of the case, so as to fall within the exceptional rule laid down in Smith v. Felton, and kindred cases before cited. The counter-claims pleaded here are, by'the finding of the jury, in no way connected with the subject of the action, but exist, if at all, independently of it, and the exigencies of the case do not require the application of the exceptional rule stated, as complete justice can be had without it. A counter-claim is in the nature of a cross-action, and we apprehend that such an action would not lie on the allegations of the defendant’s answer. In a cross-action, all the members of the plaintiff’s firm would be necessary party defendants (Barbour on Parties, 147; Dicey’s Parties to Actions, 266), and the alleged insolvency of two of the firm, would not justify an action against the solvent member alone. Non-joinder would be a good plea in abatement to such an action.
It may be agreed that, in legal effect, the plaintiff, by reason of the insolvency of his co-partners, becomes, for the purposes of the equitable counter-claim, practically the sole debtor to the defendant. But the answer to this is, that the equitable rule in regard to counter-claim is, as before remarked, not one of convenience or utility merely, but one which equity raises where necessity requires it on account of the inadequacy of the rules of law to do effective justice between the parties in any other form. If these conclusions are correct we need not examine the counterclaims nor pass on their sufficiency in other respects; we need not consider the sufficiency of the proofs offered in their support, and we are also relieved from examining the rulings upon the evidence or the exceptions to the judge’s charge in reference to the counter-claims pleaded, for all of these considerations become unnecessary to the proper disposition of the appeal.
In conclusion, we hold that the defendant has not pleaded the equitable counter-claims contemplated or authorized by section 507 of the Code, and the facts set up do not create in his favor the 'new equity required to justify extending the equitable set-off allowed by the courts under peculiar circumstances in the cases to which we have referred. “ The general rule,” says Judge Story, in Greene v. Darling (5 Mason’s R, 201), “in equity, is like that at *276 law, that there can be no set-off of joint debts against separate debts unless some new equity justify it.”
The new equity referred to by Judge Story is wanting in this case, and we cannot create it. The objection to the counter-claims was not waived by replying to them. Smith v. Hall, 67 N. Y., 48. The defendant may pursue his legal remedy against the plaintiff’s firm as the proceedings herein being inter alias cannot prejudice his right in that regard. For these reasons the judgment and order appealed from must be affirmed, with costs.
Nehrbas and Hyatt, JJ., concurs.