## JOHN CHURCH CO. v. CLARKE.

### (Supreme Court, Special Term, Chemung County.  March 13, 1893.)

COUNTERCLAIM—GENERAL DENIAL—NEW MATTER.
> Though Code Civil Proc. §§ 501, 502, require defendant to show that his counterclaim existed at the time of the commencement of the action and to establish such fact by affirmative proof, plaintiff cannot, under a general denial, show that a person other than defendant owned the counterclaim at the time of the commencement of the action, since such fact is new matter, and must be specially pleaded.

Action by the John Church Company against George H. Clarke. Defendant pleaded a counterclaim for an amount larger than that sued for, and obtained an affirmative judgment. Plaintiff moves for new trial. Denied.

Moss & Knipp, for plaintiff.
Reynolds, Stanchfield & Collin, for defendant.

FORBES, J. This is an action to recover the amount alleged to be due upon a promissory note for $100, made by the defendant January 3, 1890, and payable to the order of the John Church Company three months after date. The action was commenced about June 30, 1890. To this cause of action the defendant answered by setting up a counterclaim for services performed under a certain contract alleged to have been made between the plaintiff

and one Ralph Waldo Morrison for the sale of pianos. The evidence shows that the contract was canceled by the plaintiff; that the defendant's assignor assented to such cancellation upon the agreement and understanding between the agent canceling said contract for the company and the defendant's assignor that he should be paid the difference between the purchase price to him and the price at which he was to make sales of said instruments to his customers. The defendant in this action became the purchaser of said instrument with full knowledge of said agreement between the plaintiff and the defendant's assignor, and the note in question was given upon such agreement for the balance of said purchase price. The commissions due said defendant's assignor, and agreed upon between the plaintiff's agent and said Morrison, was the sum of $240. The answer contained the averment of the transfer and delivery of said claim to the defendant against said company, upon said contract, of all of the interest of said Morrison under the same prior to the commencement of this action for a valuable consideration, and that the same was sold, assigned, and transferred, together with all of Morrison's rights of action thereon, and that the defendant was at the time of the commencement of the action, and prior thereto, the owner and holder of said Morrison's claim, and demanded an affirmative judgment against the plaintiff in the sum of $140. The reply was a general denial of any knowledge or information sufficient to form a belief of the counterclaim set forth in said answer. Upon the trial of the action the plaintiff offered to prove that the defendant was not the owner and holder of said claim. The transfer to defendant from Morrison was in writing, and was made a part of the evidence upon the trial. The evidence thus offered on the part of the plaintiff to show that the defendant was not the owner and holder of said claim at the time of the commencement of the action was excluded, under the defendant's objection, and the plaintiff took an exception thereto.

This motion is made for a new trial upon the minutes, as upon a case and exceptions, and the only question to be discussed or decided relates to the exclusion of that testimony. It is contended by the plaintiff that because it was necessary, under sections 501, 502, Code Civil Proc., to show that the counterclaim existed at the time of the commencement of the action in favor of the defendant, and that this fact must be established by defendant upon the trial by affirmative proof, the ownership of said claim at that time was put in issue by the general denial in the reply; in other words, that such general denial is all that it was necessary for the plaintiff to allege to permit him to give evidence that a person other than the defendant owned the counterclaim and cause of action at the time of the commencement of this suit.

I was satisfied upon the trial that such was not the law of this state, so ruled then, and a subsequent examination, carefully made, convinces me that the ruling was correct. The counterclaim grew out of the same contract, and was a part of the arrangement and agreement out of which the plaintiff's claim arose. The counterclaim was complete in all of its essential particulars when the

bargain was proved, and when the written assignment of that claim from Morrison to the defendant was put in evidence. This made the right to recover complete, and any other state of facts arising out of any subsequent or other transaction, which was sufficient to defeat this claim, thus made and proved, is clearly new matter, and must be specially pleaded, in order to defeat the defendant's counterclaim.

In the case of Anstice v. Holmes, 3 Denio, 244, Bronson, C. J., said:

"It is true that the point of the issue will be on property in the plaintiff; but I think the defendants could only give evidence of the property in the person named in the plea. The plea should have been that the goods were the property of the defendants, or of some third person, naming him, and not the property of the plaintiff."

In the case of Saunders v. Chamberlain, 13 Hun, 568, in our own department, Smith, J., said:

"The defendant's offer to prove the assignment and schedule in bankruptcy was properly excluded, for the reason that the answer did not set up that the plaintiff has transferred the claim in suit. Such transfer, to have been available as a defense, should have been pleaded as new matter. Proof of it was not admissible under a general denial;" citing the cases of Russell v. Clapp, 7 Barb. 482, and Seeley v. Engell, 17 Barb. 530.

It was, at most, a mere denial of the plaintiff's title, and cannot be used to defeat the claim. This doctrine was held in the case of Siedenbach v. Riley, 36 Hun, 211, (in the second department,) where Barnard, P. J., says:

"The defendant levied upon the property as property of Toledo, and there is no claim of title through any other party authorizing the creditor to attack Toledo's title. It was always the law in this state that a denial of the plaintiff's title alone is not a good defense;" citing the case of Anstice v. Holmes, supra.

The same doctrine was held in the court of appeals in the case of Smith v. Hall, 67 N. Y. 48. In that case the answer denied the allegations of the complaint, and that the bonds were delivered to the defendant with authority to sell, etc. "Upon the trial the defendant offered to prove that the plaintiff did not own the claim in suit. This was objected to, on the ground that it was not set up in the answer, and the objection was sustained." This case is cited and approved in the cases of Castle v. Lewis, 78 N. Y. 136; People v. Dennison, 84 N. Y. 280; Davis v. Canal Co., 109 N. Y. 50, 15 N. E. Rep. 873; Spooner v. Railroad Co., 115 N. Y. 30, 21 N. E. Rep. 696. In the last-named case, Finch, J., in writing the opinion, says:

"At the close of the plaintiff's case the defendant moved to dismiss the complaint upon the ground that the action was not brought in the name of the real party in interest. The motion was denied, and there was an exception. No such objection had been taken by demurrer or answer. If it was apparent upon the face of the complaint, it could have been reached by demurrer, for there would have been a defect of parties. Otherwise, it is new matter, to be pleaded in the answer, and, if not, no such issue is raised, and no such question can be tried;" citing the case of Smith v. Hall, supra.

Before the revision and enactment of the Code of Civil Procedure, the defendant could not, by answer, defeat the plaintiff's action upon the ground that the title to the property was in a third person, without connecting himself with the latter's title, or showing that it was held as a pledge by some person other than the plaintiff. Stowell v. Otis, 71 N. Y. 36. Section 1723, Code Civil Proc., was enacted for the purpose of defeating a claim of that character without connecting the defendant with the title to the property, but in that case it must be pleaded in the answer, and is not admissible under a general denial. The real test of what may be proved under a general denial, it seems to me, is plainly pointed out in the case of Milbank v. Jones, 127 N. Y. 370, 28 N. E. Rep. 31, where Parker, J., in substance, says:

"A general denial in an action on contract puts in issue simply all matters which plaintiff is bound to prove to make out his cause of action. In order to avail himself of facts not appearing upon the face of the contract, to establish its validity, the defendant must plead them. Where, therefore, the complaint, in such an action, set forth, and the plaintiffs proved, a contract valid upon its face, held, that the defendant was not entitled, under his answer, which was simply a general denial, to give evidence tending to show that the contract was against public policy, and so illegal."

It seems to me that this case, with the authorities already cited, is sufficient to show that the exclusion of the evidence upon the trial was correct. The bargain between the parties had been proved, the assignment of Morrison's claim to the defendant had been substantiated, and upon this evidence the defendant was entitled to recover. The counterclaim and the evidence to sustain it were perfect, and any circumstance relied upon to defeat that recovery was outside of the contract, and outside of the counterclaim, and could not be taken advantage of by a general denial. It is new matter.

The motion for a new trial must therefore be denied, with costs, under the stipulation made between the attorneys for the respective parties.