GEORGE MEINHARDT, Appellant, *v.* THE EXCELSIOR BREWING COMPANY, Respondent.

*Party — the fact that the cause of action belongs to the plaintiff and a third person must be set up by plea in abatement — otherwise it is waived.*

In an action to recover for money had and received the objection that the fund is owned by the plaintiff and a third party must be taken by a plea in abatement.

If not so taken the defendant will be deemed to have waived the point, and testimony tending to establish that a third person was a part owner of the fund is not admissible.

APPEAL by the plaintiff, George Meinhardt, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the defendant, entered on the 20th day of January, 1903, dismissing the complaint upon the merits.

*Adolph Feldblum,* for the appellant.

*Victor E. Whitlock,* for the respondent.

JENKS, J.:

The oral pleadings are complaint for money had and received, and answer of general denial. There was no amendment of the answer. At the close of the case the defendant moved for a dismissal of the complaint on the ground that it appeared that the ownership of the fund was equally in the plaintiff and a third party. The court gave judgment dismissing the complaint on the merits. The defendant could have pleaded that defect in abatement. As it did not I think that it waived the point. (Municipal Court Act [Laws of 1902, chap. 580], § 20; Code Civ. Proc. § 449; *Carr* v. *Security Insurance Company,* 109 N. Y. 504, 511.) I think that the exceptions to the rulings that admitted testimony to establish the fact of part ownership in a third person were well taken. (*Smith* v. *Hall,* 67 N. Y. 48; *Spooner* v. *D., L. & W. R. R. Co.,* 115 id. 22; *Davis* v. *President, etc., D. & H. Canal Co.,* 109 id. 47, 51; *Stamp* v. *Franklin,* 144 id. 607.)

The judgment should be reversed and a new trial ordered.

GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered costs to abide the event.

---

NOTE.— The rest of the cases of this term will be found in the next volume, 83 App. Div.— [REP.