### ALMY v. HAMMER et al.

(Supreme Court, Appellate Term. February 24, 1910.)

CONTRACTS (§ 346*)—PARTIES IN INTEREST—PLEADING AND EVIDENCE.

Under Code Civ. Proc. § 449, providing that an action must be prosecuted in the name of the real party in interest, except that a trustee of an express trust may sue without joining the beneficiary, and declaring a person with whom or in whose name a contract is made for the benefit of another to be such a trustee, defendants having contracted with plaintiff, and not having pleaded he was not the real party in interest, it was error, probably prejudicial, to admit their evidence that plaintiff was being financed by another, who was entitled to any amount due from defendants.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1718–1753; Dec. Dig. § 346.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Frederick Almy against Isidor Hammer and others. From an order granting plaintiff a new trial after a verdict in his favor, defendants appeal. Affirmed.

Argued before SEABURY, GUY, and WHITNEY, JJ.

Steinhaus & Wilson (Isaac Steinhaus, of counsel), for appellants. James, Schell & Elkus (Edgar J. Treacy, of counsel), for respondent.

PER CURIAM. Evidence was introduced over plaintiff's exception to the effect that plaintiff was being financed by another firm, who were entitled to the amount due, if any, from defendants. A motion to strike out the testimony was denied, and exception taken. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jury was not charged to disregard it, and it is very likely that it influenced its verdict. Defendants contracted with plaintiff, and did not plead that he was not the real party in interest. The evidence was erroneously admitted. Code Civ. Proc. § 449; Smith v. Hall, 67 N. Y. 48. It is therefore proper to order a new trial.

The evidence upon the other issue may vary upon the new trial, and it is therefore not necessary to consider it now.

Order affirmed, with costs.