## DEFENSES WHICH MAY BE RAISED AGAINST A COUNTER-CLAIM.

Circuit Court of Cuyahoga County.

GEORGE A. WILLIAMS v. LEO EDERER.

Decided, May 8, 1911.

*Counter-Claim—Objection to, How Raised.*

1. in an action on an account for goods sold and delivered, the defendant can not set up as a counter-claim, a cause of action in tort, growing out of the sending of a letter by plaintiff's attorney to defendant's employer, whereby the defendant lost his job.
2. Objection to such a counter-claim may be taken at the trial, by objection to the introduction of any evidence ·under the counter-claim, even though no demurrer was filed to it and an answer was filed.

*Weed, Miller & Rothenberg,* for plaintiff in error.
*Howland, Moffett & Niman,* contra.

WINCH, J.; HENRY, J., and JONES, J. (sitting in place of Marvin, J.), concur.

Lederer sued Williams on an account for goods sold and delivered. Williams filed an answer and cross-petition, and Lederer then filed a reply. The case was tried to a jury, with verdict and judgment for Lederer.·

In this court the main contention of Williams is with regard to the charge and certain requests to charge, all as bearing upon the first cause of action set up in his cross-petition. That cause of action was for a tort growing out of the sending of a letter by Lederer's duly authorized attorney to Williams' employer, whereby he lost his job.

There was no prejudicial error in the charge if this counter-claim was not properly before the court.

It is not every cause of action which a defendant claims against the plaintiff that may be set up by him as a counter-claim. While Section 11315, General Code, says that the defendant

may set forth in his answer as many grounds of counter-claim as he may have, Section 11317, General Code, defines a counter-claim as "a cause of action existing in favor of a defendant against a plaintiff or another defendant or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action."

Manifestly the sending of the letter to Williams' employer a long time after he had purchased the goods, had nothing to do with the purchase of the goods, nor was it connected with the subject of the action, which was on an account due from Williams to Lederer.

Indeed, the learned counsel for plaintiff in error does not seriously contend that the cross-petition pleads a counter-claim proper to be set up in this action, but, he says, objection thereto should have been taken by demurrer and was waived by filing a reply containing an answer to said counter-claim.

That demurrer would lie to this counter-claim appears from Sections 11323 and 11324, General Code. Among other grounds for demurrer to a counter-claim these sections mention: that on its face it is insufficient in law; that the facts stated do not constitute a counter-claim, and that the counter-claim does not state facts which entitle the defendant to the relief granted.

There is a provision of law (Section 11311, General Code) to the effect that if a *defendant* does not raise an objection to a. *petition* by demurrer, the ground of the objection appearing on the face of it, he shall be deemed to have waived it, except only that the court has no jurisdiction of the subject of the action and that the petition does not state facts which show a cause of action.

There is no such provision with regard to a plaintiff's failure to demur to a counter-claim and we see no reason why any application of the rule governing failure to demur to a petition should be made to a failure to demur to a counter-claim. Other provisions of law take care of the latter case and the statutes are so specific on the subject of demurrers, that no effort should be

made to extend them by implication to take in cases not thus specifically provided for.

There is no question that had *no* objection been raised by the plaintiff to the trial of the counter-claim in the same action with his claim on the account, though it would be an improper intermingling of two separate and independent suits in one action, still a reviewing court would not reverse a judgment thus obtained by the parties' acquiescence.

But the plaintiff objected in time to the introduction of *any* evidence under the counter-claim. We think that he thereby saved his rights. The practice of answering over and objecting to the introduction of any evidence under a petition, on the ground that it does not state facts which show a cause of action, is common and approved, and we think the statutes regulating demurrer to a counter-claim authorize the same practice.

There are authorities strictly in point on this subject cited by counsel for defendant in error. *McDougall* v. *McGuire,* 35 Cal., 374, and *Smith* v. *Hall,* 67 N. Y., 48.

We have examined the statutes of both' of said states· and find them almost identical with the statutes of this state on the same subject.

It is urged that by holding as indicated an injustice is done plaintiff in error in that the finding against him in this action on his counter-claim may be pleaded against him as *res adjudicata* should he hereafter desire to sue upon the cause of action stated in said counter-claim.

We express no opinion upon this subject, but call attention to the privilege accorded a party in such situation by Section 11337, General Code, which Williams might have taken advantage of.

The only other error complained of is a ruling on evidence.

We think it was perfectly proper for Williams to meet the point sought to be made by Lederer that the former had done nothing whatever to arrange for settlement of the latter's claim. This he was permitted to do by showing that he turned the matter over to his attorney, and that his attorney wrote a letter to Lederer's attorney. The letter itself, however, was inadmissible, being of a self-serving nature.

Judgment affirmed.