ZEL-CLA CONSTRUCTION COMPANY, INC., Respondent, *v.* MARY D. HALLMAN, Appellant.

PER CURIAM. In view of the promises of repair made by the plaintiff, we do not deem the defendant's delay sufficient to forfeit her right to claim a partial eviction. The disposition of this case should, therefore, turn upon a determination whether the conditions in the apartment warranted the defendant in abandoning it. This question of fact should be determined upon a new trial. The judgment appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event. Present — Dowling, P. J., Finch, McAvoy, Martin and Proskauer, JJ. Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

BLEAKLEY TRANSPORTATION COMPANY, INC., Respondent, *v.* TOMKINS COVE STONE COMPANY, Appellant.

PER CURIAM. Under the allegations of the paragraph stricken out from the answer by the order appealed from, the defendant would be entitled to show at the trial a due legal assignment by the plaintiff of the claim upon which the action is based, as distinguished from the equitable right of subrogation. In this event there may be no right in the plaintiff to maintain the action. The defense that the plaintiff is not the real party in interest must be pleaded in order to be available to the defendant upon the trial. (*Smith* v. *Hall*, 67 N. Y. 48, 50.) The order appealed from must be reversed, with ten dollars costs and disbursements, and motion to strike out denied, with ten dollars costs. Present — Dowling, P. J., Merrell, Finch, McAvoy and O'Malley, JJ. Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.